[No. 8,319.—In Bank.]
December 28, 1882.

## THOMAS H. SMITH *v.* LU WHEAT SMITH.

DIVORCE—CRUELTY.—The only fact of alleged cruelty expressly found is, that defendant deserted her husband and children, and went to Germany, for the purpose of perfecting herself in the art of painting, and was abroad about three months.

*Held:* This act did not, of itself, constitute such cruelty as entitled the plaintiff to a divorce.

ID.—ID.—FINDING.—The finding "that the repeated acts of cruelty, as established by the evidence, upon the part of said defendant towards her said husband and children during the last several years, have inflicted upon the plaintiff grievous mental suffering," is but a conclusion of law, and does not find any fact in issue in the case.

APPEAL from a judgment for the plaintiff in the Superior Court of Los Angeles County. HINES, J.

*Thom & Stephens* and *F. H. Howard,* for Appellant.

The finding, " that for several years past the defendant has been guilty of repeated acts of extreme cruelty to plaintiff and their children," is not of a fact, but a conclusion of law. (*Wells* v. *McPike,* 21 Cal. 219; *Frisch* v. *Caler,* id. 71; *Lightner* v. *Menzel,* 35 id. 452; *People* v. *Board of Supervisors,* 27 id. 674; *Polhemus* v. *Carpenter,* 42 id. 375.) The findings must state the facts expressly and specially, not generally. The true test is, would they be good as a special verdict? (*Breeze* v. *Doyle,* 19 id. 105; *Phœnix Water Co.* v. *Fletcher,* 23 id. 488; *Garfield* v. *K. F. & T. M. Co.,* 17 id. 510.) In action for divorce based on cruelty, specific facts must be alleged, and the general allegation of cruelty is insufficient. (*Harrison* v. *Harrison,* 7 Ired. 484; *Lewis* v. *Lewis,* 5 Mo. 278; *Hill* v. *Hill,* 10 Ala. 527; *Wright* v. *Wright,* 3 Tex. 168; *Wilson* v. *Wilson,* 2 Dev. & Bat. 377; *Brown* v. *Brown,* 2

R. I. 381; *Fellows* v. *Fellows*, 8 N. H. 160; *Ward* v. *Ward*, 1 Tenn. Ch. 262; *Horne* v. *Horne*, id. 259; *Smith* v. *Smith*, 43 N. H. 234.)

*Brunson & Wells* and *George S. Hupp*, for Respondent.

As to the sufficiency of findings the test is, would they be sufficient if presented by a jury as a special verdict? (*Breeze* v. *Doyle*, 19 Cal. 101.) The Court should find the ultimate facts, not state the evidence. (*Jones* v. *Clark*, 42 id. 180; *Coveny* v. *Hale*, 49 id. 556; *Mathews* v. *Kinsell*, 41 id. 514; *Hihn* v. *Peck*, 30 id. 286.) "Extreme cruelty" is a term defined by Section 94 Civil Code, and is as follows: "Extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage." The acts of defendant produced this effect. Those acts constitute the ultimate fact expressed in the term "extreme cruelty." Extreme cruelty is a fact which by no assertion or sophistry can be tortured into a conclusion of law. It is torture itself. Extreme cruelty is grievous mental suffering. It is a state of being, and not a conclusion of law. It is an ultimate condition of mind or body produced by successive acts, and not a legal and logical conclusion drawn from a major and a minor premise.

The COURT:

Plaintiff sued defendant for a divorce on the ground of extreme cruelty, alleging in his complaint various acts claimed to constitute cruelty, all of which are denied in the defendant's answer. A decree of divorce was entered in the Court below, and one of the errors assigned on this appeal is that the findings are insufficient to support the judgment. The following are the findings on the question of extreme cruelty:

"5. That the conduct of the defendant toward the plaintiff, and her treatment of her children during the last several years, has, upon repeated occasions, been extremely cruel, and that in the month of June, 1880, without the consent or knowledge of the plaintiff, she deserted her husband and children, and went to Dusseldorf, in Germany, for the purpose, as she now claims, of perfecting herself in the art of painting, and remained absent from her said husband and

children until the seventeenth day of September thence next ensuing, upon which day she returned to Los Angeles City.

"6. That the repeated acts of cruelty, as established by the evidence, upon the part of said defendant toward her said husband and children during the last several years, have inflicted upon the plaintiff grievous mental suffering."

It will be observed that the only fact of alleged cruelty expressly found is that the defendant deserted her husband and children and went to Dusseldorf, in Germany, for the purpose of perfecting herself in the art of painting, and was abroad from June until September, 1880. This act did not of itself constitute such cruelty as entitled the plaintiff to a divorce. (1 Bish. on Marriage and Divorce, § 738.) The sixth finding is but a conclusion of law, and does not find any fact in issue in the case. (*Polhemus* v. *Carpenter*, 42 Cal. 386.)

Judgment reversed and cause remanded.