[L. A. No. 808. Department One.—December 14, 1900.]

W. T. CURL, Respondent, v. ELLEN J. CURL, Appellant.

DIVORCE—EXTREME CRUELTY—EVIDENCE—APPEAL.—In an action for a divorce, brought by the husband, on the ground that certain alleged conduct of his wife, with respect to her intimate association with another man, had caused him grievous, mental anguish, the question whether her conduct had such effect is one of fact for the trial court; and on an appeal from a judgment in his favor, taken without any bill of exceptions, and without any findings, the supreme court must presume that there was evidence sufficient to support the allegations of the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

Walter Bordwell, for Appellant.

Diehl & Chambers, for Respondent.

HARRISON, J.—The plaintiff brought this action against the defendant for a divorce, and set forth in his complaint certain conduct by her which he alleged had caused him great suffering and grievous mental anguish. The conduct with which the defendant was thus charged was that she had at a certain date 'clandestinely visited the house and home of another man during the absence of his family, and had secretly remained there with him for more than one hour, and had at divers other times secretly and clandestinely met him, and in company with him gone to places unknown to the plaintiff, and had remained away for several hours, and that he had at divers times visited the home of the plaintiff and defendant during the absence of the plaintiff, and while the defendant was alone, and upon each of said occasions had remained in said house in company with the defendant alone for several hours. The defendant made no answer to the complaint, but suffered default, and after hearing proofs of the matters

alleged the court granted the divorce. The present appeal is taken from this judgment without any bill of exceptions.

Whether the conduct of the defendant, as above set forth in the complaint, caused the plaintiff grievous mental anguish was a question of fact to be determined by the court from the testimony before it at the hearing. (*Barnes v. Barnes*, 95 Cal. 171; *Fleming v. Fleming*, 95 Cal. 430; *Andrews v. Andrews*, 120 Cal. 184.) The evidence before the trial court is not before us, and, as there are no findings of fact, it must be assumed in support of the judgment that the evidence was sufficient to support the allegations of the complaint, and that the court found therefrom that the conduct of the defendant had caused the plaintiff grievous mental anguish. If so, she was guilty of extreme cruelty and the judgment was correct.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.