[L. A. No. 1136. Department Two.—October 14, 1903.]

ANNIE M. FRANKLIN, Appellant, v. THOMAS G. FRANKLIN, Respondent.

DIVORCE—EXTREME CRUELTY—DENIAL OF DIVORCE—FACTS NOT FOUND. —Where the complaint of the plaintiff seeks a divorce for alleged extreme cruelty, and sets forth specific acts of cruelty, a finding merely that the acts alleged in the complaint did not inflict upon the plaintiff grievous bodily injury or grievous mental suffering, is not a finding of any ultimate fact, and does not warrant a judgment denying a divorce to the plaintiff. The court should not leave it to inference or surmise what acts alleged in the complaint were established by the evidence; but must specifically find upon the issues of fact presented by the complaint, and for failure to find thereupon, the judgment must be reversed.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrence, Judge.

The facts are stated in the opinion of the court.

Luce & Sloane, for Appellant.

Nutt & Shaw, for Respondent.

HENSHAW, J.—This is an action wherein plaintiff seeks divorce from defendant upon the ground of his alleged cruelty. The specific allegations are, that shortly after their marriage, and for a period of nearly ten years, defendant was abusive to plaintiff, neglected her, failed to provide for her, and compelled her to perform hard and unaccustomed labor to sup-

port herself and her minor children, while he spent his time in idleness and dissipation. The defendant repeatedly returned home drunk, and would apply vulgar and abusive epithets to plaintiff in the presence of her children, would threaten to strike her, and on one occasion did strike and beat her violently, at the same time cursing her and calling her vile names; that upon one night during this period the defendant returned to his home drunk, and, becoming irritated at the infant son of plaintiff and defendant, caught up a tea-kettle from the stove and threw it at the child, narrowly missing him; that the defendant then in his rage overturned the stove and broke the door from its hinges, and plaintiff and her children only escaped violence by blowing out the light and fleeing in the darkness.

After trial the court made findings and denied the divorce, and plaintiff appeals. The only finding upon the question of the cruel treatment of defendant by plaintiff, and therefore the only finding upon which the judgment can be supported, is as follows: ''That the acts of the defendant alleged in the complaint did not inflict upon the plaintiff grievous bodily injury or grievous mental suffering.'' But this is not the finding of an ultimate fact at all, and serves but to leave the essential question for the court's determination still open and undecided. In *Smith* v. *Smith,* 62 Cal. 466, the finding was in the following language: ''That the repeated acts of cruelty as established by the evidence, upon the part of said defendant toward her said husband and children during the last several years have inflicted upon the plaintiff grievous mental suffering.'' This court declared that such a finding is but a conclusion of law, and does not find any fact or issue in the case. Even so, that finding is much more specific than the one here made. It declares that repeated acts of cruelty were established by the evidence, but it leaves to inference what those acts may be. In the case at bar even greater vagueness and uncertainty attaches to the language of the court. It is said that, ''the acts of the defendant alleged in the complaint'' did not inflict upon the plaintiff grievous bodily injury or grievous mental suffering. It does not find that the acts of the defendant alleged in the complaint were actually committed by him. It is left to surmise that they were so committed, but this court cannot indulge in surmise to supply the

place of a finding. The findings must be specific on the issues presented, and judgment will be reversed if they are not so. (*Gould* v. *Stafford,* 77 Cal. 66; *Ortega* v. *Cordero,* 88 Cal. 226; *Polhemus* v. *Carpenter,* 42 Cal. 386.) There is nothing in the finding to show how far the court believed the allegations of brutal and abusive conduct to have been established. To the extent to which they are or are not established must necessarily depend the other issue, as to whether the acts complained of and found to have been committed inflicted upon the plaintiff grievous bodily injury or grievous mental suffering. We recognize that it is the province of the trial court to find the fact as to whether or not grievous bodily injury or grievous mental suffering results from the acts of the defendant in a case such as this. (*Barnes* v. *Barnes,* 95 Cal. 171; *Fleming* v. *Fleming,* 95 Cal. 430;[1] *Andrews* v. *Andrews,* 120 Cal. 184; *Curl* v. *Curl,* 130 Cal. 638.) But the trial court's determination of this fact is here subject to review, and it cannot be reviewed unless the court shall further find upon the specific allegations and charges of cruelty averred in the complaint and embodied in the evidence. For example, if perchance the trial court should find that the defendant constantly abused plaintiff in the presence of her children without just cause, beat her with unmeasured severity, drove her out of the house at night, tried to force her to enter upon a life of shame, and that plaintiff during all the time was a refined and sensitive woman and not in fault, there would be no doubt of the duty of this court under such circumstances to reverse a judgment for defendant, even if there were an added finding that these acts did not inflict grievous bodily or mental suffering upon the plaintiff. This illustration is offered not as bearing upon the evidence of this case, but to show the necessity for findings the absence of which is here justly complained of.

The specifications of the appellant were sufficient to call for the action of the trial court and to warrant the consideration of this court.

The judgment and order appealed from are therefore reversed.

McFarland, J., and Lorigan, J., concurred.

---

[1] 29 Am. St. Rep. 124.