[Civ. No. 926. Third Appellate District.—April 2, 1912.]

JAMES I. NELSON, Appellant, v. ANNA MAY NELSON, Respondent.

ACTION FOR DIVORCE BY HUSBAND — CROSS-COMPLAINT BY WIFE — EXTREME CRUELTY — ELEMENT OF WRONGFULNESS ESSENTIAL — NECESSARY IMPLICATION SUFFICIENT.—While, in a cross-complaint by the wife, in an action for a divorce by the husband, seeking a divorce from him on the ground of his extreme cruelty, the element of *wrongfulness* involved in the definition of "extreme cruelty" set forth in section 94 of the Civil Code must appear from its allegations, yet the cross-complainant is not required to adopt the precise language of the statute; but it is sufficient that the only rational inference from the acts of extreme cruelty specified and described in the cross-complaint involves the necessary implication of *injustice or wrongfulness* on the part of the plaintiff.

ID.—SUFFICIENCY OF CROSS-COMPLAINT—SHOWING OF "GRIEVOUS PHYSICAL AND MENTAL SUFFERING."—Where the cross-complaint alleges that the plaintiff had treated the defendant "with extreme cruelty," which is followed by a specification of acts which necessarily imply unlawfulness, cruelty and brutality, and culminates in the positive averment that by reason of those acts specified the defendant and cross-complainant has suffered and does suffer great and grievous physical and mental suffering, it presents a clear case of the "wrongful infliction of grievous bodily injury and grievous mental suffering," within the meaning of section 94 of the Civil Code.

ID.—FINDINGS — STATUTORY REQUIREMENT — JUDGMENT FOR CROSS-COMPLAINANT UNSUPPORTED BY GENERAL FINDINGS.—To satisfy the requirement of the law as to findings under a charge of extreme cruelty, there must be found at least some of the acts of cruelty specifically charged and embraced within the evidence, and also that these acts wrongfully inflicted upon the complainant grievous bodily

injury or grievous mental suffering; and where the findings for
the cross-complainant are merely of a vague and general character,
without specifying acts of extreme cruelty alleged and proved, they
are insufficient to support a judgment for the cross-complainant.

ID.—ALLEGATIONS OF CROSS-COMPLAINT NOT ADMITTED BY FAILURE TO
ANSWER.—None of the allegations of the cross-complaint for a
divorce by the wife against the husband, constituting the grounds
and conditions of divorce, are admitted by the failure of the hus-
band to answer the same; but they must be substantially proved and
found.  A cause of action for a divorce must always be proved and
found, and cannot be taken by default or admission.  It constitutes
a statutory exception, under section 130 of the Civil Code, to the
general rule that facts not denied need not be found.

APPEAL from a judgment of the Superior Court of So-
noma County.  Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

S. K. Dougherty, for Appellant.

T. J. Butts, for Respondent.

BURNETT, J.—This is an appeal by plaintiff from an in-
terlocutory judgment of divorce awarded defendant upon her
cross-complaint.  Appellant declares that ''Whether the cross-
complaint herein states a cause of action, or whether the find-
ings made upon it support the judgment for the defendant,
are the two principal points made by appellant on this ap-
peal.''  The alleged insufficiency of said cross-complaint is
predicated of the failure to aver that the acts of cruelty set
out *wrongfully* inflicted upon defendant *grievous* mental suf-
fering, and the findings are assailed for a similar omission.

Of these, in the order presented by appellant in his brief.
Section 94 of the Civil Code defines ''extreme cruelty'' as
being the ''wrongful infliction of grievous bodily injury, or
grievous mental suffering, upon the other by one party to the
marriage.''  Appellant is, therefore, right in his contention
that the element of *wrongfulness* must appear in the com-
plaint.  It would, of course, be unreasonable to hold that
every infliction of grievous bodily injury or mental suffering
should be a sufficient ground for divorce.  Such injury or
suffering might result from the inadvertent or justifiable con-

duct of the other party to the marital relation. The law does not, manifestly, contemplate such a contingency but properly demands that the deprecated act be wrongful. We do not understand, however, that the pleader is required to adopt the exact language of the statute. It is sufficient if, by appropriate averments, the said qualification appears. Here, we think, the only rational inference from the allegations of the cross-complaint is that the "infliction" was "wrongful." The acts of extreme cruelty are specified, and they are described in such terms as to carry necessarily the implication of *injustice* or *wrongfulness* on the part of plaintiff. For instance, it is averred that, on one occasion, plaintiff said to defendant, "Get supper early and we will go to the dance to-night"; that defendant went home and, after doing her housework, got ready to go to the dance, and when she started to go he seized her violently by the arm and, in an angry voice, uttered an oath and said to her, "You're not going to take that baby out," and shoved her back into the house and seized her by the throat and choked her until their little son struck him, when he desisted, and, at the same time, he accused her of wanting to go to the dance to meet one Bishop. It is further alleged that plaintiff, while away from home, on two separate occasions, contracted a venereal disease for which he was under the care of a physician for many months, and that he falsely accused defendant of having given him said disease; "that in the month of June, 1910, the plaintiff told the defendant that someone had placed a deer hide in his barn and then and there said to defendant, 'Damn you, you know more about this deer business than you have told; I will shoot Bishop and you too' "; that the charges of adultery made in plaintiff's complaint are without foundation, and were made by said plaintiff for the purpose of injuring the good name of defendant with her neighbors and friends, and that in his complaint he "has falsely and willfully charged this defendant with the crime of conspiracy committed with one Martin Bishop against the said plaintiff, which said accusation is false and untrue, and was made by the said plaintiff for the purpose of humiliating and injuring the good name and reputation of this defendant with the general public and with her friends and neighbors." It seems to us apparent that the addition of the qualifying word "wrongfully" is not required

in order to stamp with that characteristic the foregoing acts as thus detailed in the cross-complaint. If used, it would have constituted a mere redundancy.

The criticism of the pleading as to the other point, we think, is equally destitute of merit. In paragraph 9 it is alleged, "That for five years last past the said plaintiff has by a uniform course of conduct been cruel to defendant and has inflicted upon her through his harsh and ungentlemanly conduct great mental cruelty." The contention is that *great* is not equivalent to *grievous*. We may pass this, however, as, in paragraph 12, we have the following allegation: "That by reason of said acts and conduct on the part of said plaintiff, said defendant has suffered and still does suffer great and *grievous* physical and mental suffering." Appellant seeks to limit the application of this to a portion of the asserted acts of cruelty but no such arbitrary construction is admissible. "Said acts and conduct" grammatically comprehends the complete picture of plaintiff's dereliction that appears in the cross-complaint.

Summarizing, then, on this branch of the case, we have, in the said pleading, a general allegation that plaintiff has treated defendant "with extreme cruelty," followed by a specification of acts that necessarily imply unlawfulness, cruelty and brutality, and culminating with the positive averment that by reason of these acts "defendant has suffered and still does suffer great and grievous physical and mental suffering." If this does not present a case of "the wrongful infliction of grievous bodily injury or grievous mental suffering," we have totally misconceived the language employed. The cases cited by appellant are in harmony with what we have said. For instance, in *Smith* v. *Smith,* 124 Cal. 651, [57 Pac. 573], it is held that "A complaint which merely alleges that defendant has treated the plaintiff in a cruel and inhuman manner, that he has applied coarse epithets to her which are described, and has accused her of a want of chastity without alleging either grievous bodily injury or grievous mental suffering as the result of the cruelty alleged does not state a cause of action." It is grounded upon the position that "grievous bodily injury or grievous mental suffering is the ultimate fact and should be alleged." No such omission, as we have seen, is found here.

If there was any defect in the cross-complaint, it constituted only what could be reached by special demurrer. No demurrer, however, was interposed, nor was the cross-complaint answered by plaintiff, and this latter consideration is urged by respondent as a sufficient reply to appellant's contention as to the incompleteness of the findings.

It is no doubt well settled, as a general rule, that facts averred in the complaint and not denied in the answer are not required to be found by the court. (*Fox* v. *Fox,* 25 Cal. 587; *Grossini* v. *Perazzo,* 66 Cal. 545, [6 Pac. 450]; *Walker* v. *Brem,* 67 Cal. 599, [8 Pac. 320]; *Johnson* v. *Vance,* 86 Cal. 110, [24 Pac. 862].) But the reason is that there is no fact in issue and therefore no fact to be proved. Wherever a fact is to be established by evidence, however, the rule is different. This is indicated clearly enough by section 632 of the Code of Civil Procedure. It provides that "Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision." Ordinarily, there would be no "trial of a question of fact" where the fact is admitted by the failure to deny it, but where the asserted fact is the ground upon which a party relies for divorce, it must be established as though denied, since "no divorce can be granted upon the default of the defendant, or upon the uncorroborated statement, admission or testimony of the parties," etc. (Civ. Code, sec. 130.) This must be taken into account in connection with section 131 et seq., providing that "In actions for divorce, the court must file its decision and conclusions of law as in other cases," etc.

It is true that the Fox case, *supra,* was an action for divorce, but the allegation therein, not denied, related to the fact of marriage, and it was held that no proof was required of this, since "the marriage is in no sense a ground for the divorce," and that proof was required by the statute only "of the facts alleged as the grounds for a divorce." The court, therefore, through Mr. Justice Rhodes, said: "The fact of the marriage is fully established by the defendant's failure to deny it in her answer, and that is equivalent to the most direct proof." It was accordingly determined that there was no necessity for a finding of the fact of marriage, the court saying: "That

fact was not in issue between the parties, and therefore was
not required to be found by the court."

In *Bennett* v. *Bennett,* 28 Cal. 600, a question of finding
was not involved, but it was claimed that it was not necessary
to prove the fact of residence, since it was not denied, and the
Fox case was cited as authority for the contention. The su-
preme court held, though, that there is a marked distinction
between the fact of *marriage* and of *residence,* stating that
"residence, though it does not enter into the statute causes
of divorce, does enter into the 'grounds' of divorce, or consti-
tutes, rather, the sole ground upon which a decree dissolving
the marriage relation in any given instance can be regarded
otherwise than as a piece of judicial usurpation. But over
and beyond this, residence is palpably within the mischiefs
against which it was the object of the statute to guard, and
therefore it must be proved."

We conclude that, since it was incumbent upon defendant
to prove the alleged facts upon which she relied for a divorce,
they should be embraced within the decision of the court. As
to this the following is the only attempted finding of fact:
"That for more than ten years last past the said plaintiff has
treated the defendant with extreme cruelty and in a cruel
manner, and has often applied to her opprobrious epithets and
has made false accusations against the morality and virtue of
said defendant; and the said plaintiff for more than five years
last past has by a uniform course of conduct been cruel to
defendant, and has inflicted upon her through his harsh and
ungentlemanly conduct toward her great mental suffering and
cruelty." It is to be observed that not a single specific fact
alleged in the cross-complaint is found to be true. The find-
ing is most general in its character, and might with equal
propriety be based upon evidence of facts entirely different
from those alleged. We may suspect and surmise that the
court intended to find that the cruel conduct of plaintiff was
"as alleged in the cross-complaint," but it is not so declared.
Again, the said finding is almost entirely a conclusion of law,
and is objectionable in that respect. It is obviously not suffi-
cient to find that "the plaintiff treated the defendant with
extreme cruelty," as that is a legal conclusion for the court
to reach from certain facts. But another vice is the failure
to find that any act of brutality inflicted upon defendant

"grievous bodily injury or grievous mental suffering." Waiving any distinction between "grievous" and "great" mental suffering, we observe that "it was through his harsh and ungentlemanly conduct" that he inflicted upon her "great mental suffering and cruelty." There is no intimation as to what facts constituted this "harsh and ungentlemanly conduct," and it is manifest that the expression is too vague and speculative for a suitable finding.

It is stated by the supreme court, in *Franklin* v. *Franklin,* 140 Cal. 609, [74 Pac. 155], that "We recognize that it is the province of the trial court to find the fact as to whether or not grievous bodily injury or grievous mental suffering results from the acts of the defendant in a case such as this. (*Barnes* v. *Barnes,* 95 Cal. 171, [16 L. R. A. 660, 30 Pac. 298]; *Fleming* v. *Fleming,* 95 Cal. 430, [29 Am. St. Rep. 124, 30 Pac. 566]; *Andrews* v. *Andrews,* 120 Cal. 184, [52 Pac. 298]; *Curl* v. *Curl,* 130 Cal. 638, [63 Pac. 65].)" In brief, to satisfy the requirement of the law, there should be found at least some of the acts of cruelty embraced within the evidence, and that these acts wrongfully inflicted upon defendant grievous bodily injury or grievous mental suffering, or both. It is apparent, as already seen, that the findings here fall far short of this requirement.

It may be added that there is a mistake in the decree in the description of the real property which is set apart to defendant. Of course, this will be corrected in the event of a new trial and a similar decree in behalf of defendant.

The judgment is reversed.

Hart, J., and Chipman, P. J., concurred.