[L. A. No. 4493. Department One.—July 25, 1918.]

## GERTRUDE WALDECKER, Appellant, v. CARL R. WALDECKER, Respondent.

DIVORCE—JUDGMENT DENYING AFTER DEFAULT OF DEFENDANT—FINDINGS UNNECESSARY.—Section 131 of the Civil Code, providing that in actions for divorce the court must file its decision and conclusions of law "as in other cases," is to be read in connection with sections 588–590 and 634 of the Code of Civil Procedure, and, when so read, the construction to be placed upon the Civil Code section is that in divorce cases, as in other cases, findings are required only upon a trial of issues of fact, raised by the pleadings of the respective parties, and then only in cases where findings have not been waived as provided in section 634 of the Code of Civil Procedure.

ID.—APPEAL—RECORD—EVIDENCE—DISCRETION OF TRIAL COURT.—On appeal from a judgment denying a divorce upon a hearing after default of the defendant, where the appellant claims that the court erred in denying the divorce upon the evidence presented, but the record does not present a case of such clear and satisfactory proof as to take away the discretion of the trial court to determine whether or not the plaintiff was entitled to an interlocutory decree, the supreme court cannot interfere with the action of the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Georgia P. Bullock, for Appellant.

Respondent not represented.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment denying the plaintiff a divorce. The complaint in the action was in three counts, setting up, respectively, willful neglect, extreme cruelty, and desertion on the part of the defendant as grounds for a divorce. The defendant was served with process by publication and defaulted. After entry of such default the plaintiff proffered her proofs to the court, which, after hearing them, denied the divorce. In so doing the court simply made and entered its decree to that effect, but filed no findings of fact. The plaintiff appeals, urging two points as grounds for a reversal.

Her first point is that the failure of the court to make or file findings of fact was an error of procedure requiring a reversal under section 131 of the Civil Code and upon the authority of the cases of *Perkins* v. *Perkins,* 29 Cal. App. 68, [154 Pac. 483], and *Nelson* v. *Nelson,* 18 Cal. App. 602, [123 Pac. 1099]. Section 131 of the Civil Code reads in part as follows:

"In actions for divorce, the court must file its decision and conclusions of law as in other cases, and if it determines that no divorce shall be granted, final judgment must thereupon be entered accordingly. If it determines that the divorce ought to be granted, an interlocutory judgment must be entered, declaring that the party in whose favor the court decides is entitled to a divorce."

The question here involved turns upon the meaning to be given to the phrase "as in other cases" in the above-quoted section of the code. In the consideration of this question it is to be noted that the section above quoted is to be found in the Civil Code, which code is not ordinarily to be construed as regulating procedure in civil actions, but rather as declaring substantive law. The Code of Civil Procedure is the place wherein the procedure to be followed in such actions is to be found. Turning to the Code of Civil Procedure we discover that findings of fact and conclusions of law in civil actions are only required to be filed in cases where issues of fact have been raised by the pleas and denials of the respective parties. (Code Civ. Proc., secs. 588–590.) In the case of *Foley* v. *Foley,* 120 Cal. 33, [65 Am. St. Rep. 147, 52 Pac. 122], it was held that in an action for divorce the hearing required by law to be had before the court after entry of a default was not a trial of issues of fact within the meaning of these sections of

the Code of Civil Procedure. In the case of *Waller* v. *Weston,* 125 Cal. 201, [57 Pac. 892], it was decided that in an action to foreclose a mortgage where the defendant had defaulted, findings of fact were not required to be filed. By the terms of section 634 courts are not required to make findings in cases where, though an issue has been joined by the pleadings of the parties, either of them fails to appear at the trial, or where by written consent filed with the clerk or oral consent in open court findings are waived. Reading section 131 of the Civil Code in the light of these sections of the Code of Civil Procedure with the construction placed upon them, we are constrained to regard the language of the section of the Civil Code as constituting rather a recital of the rule of procedure laid down in the Code of Civil Procedure than the declaration of a different rule applicable to divorce cases. The phrase "as in other cases" can thus be construed to mean that in all actions for divorces where issues have been raised by the pleadings of the parties so as to require a trial thereon, findings must be filed unless waived by the parties as provided in section 634 of the Code of Civil Procedure.

We do not give our assent to the meaning ascribed to that phrase in the case of *Perkins* v. *Perkins,* 29 Cal. App. 68, [154 Pac. 483], nor to the reasoning or conclusions either of that case or of the case of *Nelson* v. *Nelson,* 18 Cal. App. 602, [123 Pac. 1099], as to the proper construction to be placed upon section 131 of the Civil Code. On the contrary, our conclusion is that in divorce cases, as in other cases, findings are required only upon a trial of issues of fact raised by the pleadings of the respective parties, and only then in cases where findings have not been waived by the parties as provided in section 634 of the Code of Civil Procedure. It follows that in the instant case findings were not required to be filed by the court upon a denial of the divorce.

The next question presented by the appellant is that the court erred in denying the plaintiff a divorce upon the evidence presented before it. We have carefully read the reporter's transcript of that evidence and, without attempting to recite or review it, we are of the opinion that the record does not present a case of such clear and satisfactory proof as to take away the discretion of the trial court to determine whether or not the plaintiff was entitled to an interlocutory decree of divorce. This being so, this court cannot interfere

with the action of the trial court in refusing to award her such a decree.

Judgment affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.