[L. A. No. 7832. In Bank.—February 23, 1924.]

# W. J. DODD et al., Respondents, v. F. B. DUNN, Appellant.

[1] CONTRACTS—ARCHITECT'S FEES—PLEADING—FINDINGS.—In an action to recover architect's fees, where the amended complaint pleads *in haec verba* a written contract stating the agreed price for the services to be a certain sum, and containing the defendant's promise to pay the same, and further alleges an executed oral modification of the contract only as to the character of the buildings for which plans and specifications were to be prepared, the complaint states a cause of action; and where the findings follow its allegations and find all the facts in favor of plaintiffs, they support a judgment in their favor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Daly, Daly & Todd for Appellant.

Lloyd W. Moultrie for Respondents.

MYERS, J.—The plaintiffs recovered judgment in the court below in an action upon contract to recover the agreed price for services rendered by them as architects employed by the defendant. The defendant has appealed therefrom upon the judgment-roll alone. But two points are made by him upon this appeal.

The first is that the court erred in allowing plaintiffs to amend their complaint. The original complaint herein declared upon an express written contract, whereby the de-

fendant employed the plaintiffs to prepare the plans and specifications for certain proposed buildings therein described, and agreed to pay them the sum of six thousand dollars for their services in so doing. It alleged the performance thereof by plaintiffs, and the failure to pay on the part of the defendant. The parties went to trial upon the issues as framed by this complaint and the defendant's answer thereto, and at the trial plaintiffs were permitted to file an amended complaint. The amended complaint declared upon the same written contract, and alleged an executed parol modification thereof. The modification consisted only in this: That the written contract described the buildings for which plans and specifications were to be prepared as "a class 'A' theater and apartment house with necessary space below for the ultimate construction of a public bath-house." The parol modification provided for "a theater and apartment house building arranged so that the entrance to the mezzanine floor of the theater would be from the street level above the ground floor of the theater, eliminating any space below the theater for the ultimate construction of bath-rooms." Appellant concedes that it was within the discretion of the trial court to allow or refuse amendments to pleadings, and that the policy of our law is that such discretion should be liberally exercised in the furtherance of justice. He makes no showing whatever which would indicate the slightest abuse of discretion by the trial judge in the instant case. This point, therefore, does not call for any further consideration upon our part.

[1] The second point made by appellant is that the amended complaint does not state facts sufficient to constitute a cause of action, and the judgment is not supported by the findings. This point is based upon the contention that "there is no allegation that the parol modification provided for the payment by defendant of the sum of six thousand ($6,000.00) dollars or any other sum." There is no merit whatever in this point. The amended complaint pleads *in haec verba* the written contract stating the agreed price for the services to be six thousand dollars, and containing the defendant's promise to pay the same; and the only modification pleaded is the change above mentioned in the character of the buildings for which plans and specifications were to be prepared. The findings follow the

allegations of the amended complaint, and all of the facts are found in favor of the plaintiffs.

The judgment is affirmed.

Richards, J., Seawell, J., Lawlor, J., Lennon, J., and Waste, J., concurred.