[Sac. No. 4555. In Bank.—July 15, 1932.]

ELLA E. McKINNEY, Appellant, v. ANN SARGENT et al., Respondents.

B. C. Hawkins and Hawkins & Hawkins for Appellant.

L. L. Dennett for Respondents.

TYLER, J., *pro tem.*—Action to recover the sum of $1,050 paid under an executory contract of sale of personal property.

The case was twice heard in the court below. The first judgment was in favor of plaintiff in the sum of $487.45. A new trial was granted and judgment then went in favor of defendants, respondents herein. This appeal is from the latter judgment and it is taken upon the judgment-roll alone. It appears therefrom that on July 6, 1927, defendants were the owners of the business known as the Latz Hotel, in the city of Modesto, together with the furniture and other personal property connected with the operation thereof, and a leasehold interest of the premises. On said last-mentioned day plaintiff, Ella E. McKinney, entered into negotiations with defendants for the purchase of the same. Pursuant to such negotiations the parties went to the office of one E. H. Zion, an attorney at law, and had him prepare a contract of sale which the parties signed. The agreement was left with the attorney in escrow, with instructions to deliver it to plaintiff when she had performed an act provided for by the terms of said agreement, which required that she clear the title to certain real property owned by her, and execute a mortgage thereon in favor of defendants as security for the payment of the balance of the purchase price, a small deposit being made at the time. Before the title to the real property was cleared and before either the mortgage or said instrument of sale was de-

livered by the escrow-holder, the building in which the rooming-house was located was detroyed by fire and all of the property which was the subject matter of the sale, with the exception of some slight salvage of the value of $35, ceased to exist. Defendant vendors carried insurance on the property amounting to the sum of $2,540. The purchase price agreed upon by the parties for the business was the sum of $3,500, and at the time of its destruction plaintiff had paid on account thereof the sum of $1,050, the amount for which she here sues. The agreement of sale provided that the destruction of the property by fire or otherwise should not relieve plaintiff from liability to pay the purchase price agreed to be paid. It also provided, however, that the agreement was not a contract of sale, and that title to the property should remain in defendant vendors until full performance of the conditions thereof. It was plaintiff's contention below, and is here, that title to the destroyed property never passed, for the reason that the written instrument was never delivered, and therefore never became effective, and that this being so, title to the destroyed property was at all times in defendants, and the loss followed the title and must therefore be borne by defendants who are bound to return to plaintiff all moneys paid under the contract. ■ It is an elementary law of sales, in the absence of special agreement to the contrary, that under an executory contract of sale the loss falls on the vendor as the risk accompanies the title. In such case the vendor is excused from the performance of his contract by reason of the destruction of the thing, but he cannot retain money already paid on account of the proposed purchase, or recover the moneys remaining unpaid. ■ Under such circumstances the buyer cannot be compelled to pay the price and if he has paid, it may be recovered. Although the purchaser is not liable to the vendor for the purchase price, he must account for profits made by him from a use of the property while in his possession under agreement of sale. (*Kirtley* v. *Perham*, 176 Cal. 333 [168 Pac. 351].) Respondents do not dispute the correctness of this principle, but claim that the written instrument, though not delivered, was carried into effect by the conduct of the parties in partly performing it.

In this connection the record shows that on July 7, 1927, the day after the agreement was signed, plaintiff went into

possession of the premises and complied with all of the terms and provisions of the contract, and received the rents accruing from the business from said day to the tenth day of January, 1928, when the premises were destroyed, except that she failed to have the title to the property, upon which she had given a mortgage, cleared as provided for in the escrow agreement. It also shows that defendants had performed all of the acts and done all of the things required to be done by them under the terms of the contract; that besides delivering possession they paid off, as they had agreed to do, a chattel mortgage upon said business so agreed to be sold.

The trial court found that under these circumstances it was not true as alleged that no contract for the purchase of said property was ever completed between plaintiff and defendants, and that it was not true that the consideration for such contracts had failed totally or at all.

As conclusions of law the court found in substance that the contract was duly and legally executed by the plaintiff and defendants and that, having entered into possession of the premises, plaintiff was bound by the terms of the contract, one of which was to the effect that the destruction of the property by fire or otherwise should not relieve the vendee from liability to pay the agreed purchase price. In reaching this conclusion we are of the opinion that the trial court committed error. ■ Whether or not the contract had become executed at the time of the destruction of the property depends upon the intention of the parties. If the transaction is, as here, evidenced by an instrument in writing, the intention of the parties is to be determined primarily by reference to the written document. (*Hull* v. *Ray*, 80 Cal. App. 284 [251 Pac. 810].) In such a case, where the facts are not disputed, the question whether the agreement becomes operative is one of law for the court to decide. ■

An executory contract is converted into an executed one by the performance of the act or the fulfillment of the condition which is necessary for this purpose. Until then the agreement does not become effective. This rule, however, is subject to the general rule previously stated, that the question is one of intention of the parties. Here there is nothing in the record to show that any waiver of the terms of the

agreement with reference to the conditions under which the contract would become effective was ever made.

It is true that the vendee went into possession and began to make payments in accordance with the terms of the contract, and defendants performed certain conditions they had undertaken to perform, but the contract provided they should do these very things, and still under the terms of the escrow agreement the contract was not to become effective until plaintiff had cleared the title to her real property and mortgaged it to defendants to secure the purchase price, a condition which was never fulfilled. A contract in writing takes effect only upon its delivery to the party in whose favor it is made. (Civ. Code, sec. 1626.) Undoubtedly defendants were of the opinion that the terms of the agreement would be carried out when they agreed that plaintiff should go into possession, but they did nothing that deprived them of the protection afforded to them by the escrow agreement, which provided that no delivery of the agreement of sale should be had until the conditions above recited were performed by plaintiff. The delivery never having been made, the agreement was inchoate and incomplete and never became effective. The provision contained therein, that the destruction of the property by fire or otherwise would not excuse payment, had therefore no binding force or effect. This being so, the title remained in the vendors, and the case is controlled by the rule above stated, that the loss follows the title.

From what we have said it follows that appellant is entitled to the return of the amount of her payments, less the profit, if any, she may have derived from the use of defendants' property. For the reasons given, the judgment is reversed.

Curtis, J., Waste, C. J., Shenk, J., Preston, J., and Seawell, J., concurred.

Rehearing denied.