[Civ. No. 12030.    First Dist., Div. One.    Oct. 6, 1942.]

RUTH JOUGHIN BILGER, Appellant, v. CARL HENRY BILGER, Respondent.

CARL HENRY BILGER, Respondent, v. RUTH JOUGHIN BILGER, Appellant.

Amend & Amend and James B. Salem for Appellant.

J. Thomas Russell for Respondent.

KNIGHT, J.—The respondent and the appellant brought separate actions for divorce. The complaints were filed on the

same day. Appellant, the wife, charged extreme cruelty, and subsequently amended her complaint by adding a second cause of action charging wilful neglect. The husband also charged extreme cruelty, and in the wife's action filed a cross-complaint charging cruelty. The cross-complaint was afterwards dismissed, the two actions were consolidated for trial, and it was agreed that the wife's answer to the husband's cross-complaint should constitute her answer to the husband's original complaint. Subsequently the husband withdrew his request for a divorce and offered evidence only in denial of his wife's charges. After a lengthy trial, the reporter's transcript containing more than 580 pages, the trial court denied the wife a divorce, and she has appealed. We are of the opinion that the wife is entitled to a reversal upon the ground that the trial court refused after proper demand by appellant to make specific findings upon the evidence relied on by appellant as constituting extreme cruelty, the obvious effect of which refusal has been to deprive the wife of the right to present her appeal on the merits as to that cause of action.

Section 131 of the Civil Code, since 1903, has declared that "In actions for divorce, the court must file its decision and conclusions of law as in other cases, and if it determines that no divorce shall be granted, final judgment must thereupon be entered accordingly. . . ." And section 632 of the Code of Civil Procedure, dealing with "other cases," declares: "In superior courts . . . upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision. In giving the decision, the facts found and the conclusions of law must be separately stated. In all cases written findings of fact and conclusions of law shall be deemed waived by a party by failure to appear at the trial." In interpreting said section 131 of the Civil Code it has been held that the requirement that findings be made "as in other cases" demanded that there be specific findings as to the acts relied on as grounds for divorce, since whether or not those acts had been committed was the material issue of fact in such cases. (*Franklin* v. *Franklin*, 140 Cal. 607 [74 Pac. 155]; *Perkins* v. *Perkins*, 29 Cal. App. 68 [154 Pac. 483]; *Nelson* v. *Nelson*, 18 Cal. App. 602 [123 Pac. 1099]; *Cargnani* v. *Cargnani*, 16 Cal. App. 96 [116 Pac. 306].) In *Franklin* v. *Franklin, supra,* the court denied the wife a divorce upon the following finding: "That the acts of the defendant alleged in

the complaint did not inflict upon the plaintiff grievous bodily injury or grievous mental suffering.'' The court said that this was not a finding of fact, but a conclusion of law, that it left open and undecided the essential question, which was whether defendant had committed the acts relied on by plaintiff as constituting cruelty. In *Perkins* v. *Perkins, supra,* and *Nelson* v. *Nelson, supra,* it was held that specific findings were required although there was a default, in view of section 130, Civil Code. That section requires proof of the facts alleged although the defendant defaults. These decisions were overruled by *Waldecker* v. *Waldecker,* 178 Cal. 566 [174 Pac. 36], insofar as they held that findings are required in default cases, but they have never been impugned to the extent that they hold that where findings are required, they must be specific, as in other cases, and find on all material issues. (To the same effect as *Waldecker* v. *Waldecker, supra,* see, *Azadian* v. *Superior Court,* 88 Cal. App. 296 [263 Pac. 298]; *Cohn* v. *Cohn,* 47 Cal. App. (2d) 683, 691 [118 P. (2d) 903].)

In the present case the record shows that at the close of the evidence the trial court filed an order for judgment denying the divorce, wherein among other things it directed ''Counsel for plaintiff in cause No. D-187,745'' (the wife's action) to prepare findings and decree accordingly. Pursuant to such directions, counsel for the wife prepared and submitted a full set of findings based on her claim as to the truth of the evidence introduced by her concerning the specific acts and conduct of her husband, upon which she relied as constituting extreme cruelty. Furthermore she filed written exceptions to the set of so-called consolidated findings proposed and submitted by counsel for the husband. The court rejected the wife's set of specific findings and made a general finding as to her cause of action for extreme cruelty which was in effect the same as the one dealt with in *Franklin* v. *Franklin, supra,* and which the court there said was not a finding of fact but was a conclusion of law. The finding here was as follows: ''That it is not true that the defendant, Carl Henry Bilger, in action number D 187745, was, is or has been guilty of extreme cruelty to the plaintiff, Ruth Joughin Bilger, and consequently the health of the plaintiff in said action has not been adversely affected in any manner by the conduct of the defendant and husband in said action.'' From a finding in this form it cannot be ascertained whether the court disbelieved the wife's testimony concerning the acts and conduct

of her husband upon which she relied as cause for divorce, or was of the view that although said acts had been committed as testified to by her, nevertheless they did not constitute extreme cruelty. The basis of the trial court's decision should appear from the findings. A reading of the testimony given in the case demonstrates that if the husband pursued the course of conduct to which the wife testified, she was clearly entitled, as a matter of law, to a divorce on the ground of extreme cruelty. (*Barnes* v. *Barnes,* 95 Cal. 171 [30 Pac. 298, 16 L. R. A. 660] ; *Fleming* v. *Fleming,* 95 Cal. 430 [30 Pac. 566, 29 Am. St. Rep. 124] ; *Donnelly* v. *Donnelly,* 26 Cal. App. 577 [147 Pac. 582].) In the case of *Perkins* v. *Perkins, supra,* the court said: "We agree very completely with the statement made in the brief of counsel that trial judges have not the duty in divorce cases to do anything except to see that the law is strictly and fairly complied with. A suitor in a divorce action must, as a litigant, stand in as favorable a light before the law as the plaintiff in a suit on a promissory note. Our Legislature has declared the policy of the law as it shall affect actions for divorce, and has provided that relief shall be granted to parties when certain grounds have been established." In the present case the trial judge very frankly stated that he did "not agree with the philosophy of that case." But even so, the appellant, in order to present the merits of her appeal, was entitled, under the law, to definite findings from which it could be determined whether the trial court disbelieved her testimony concerning her husband's acts and conduct and denied the divorce on that ground, or did believe her testimony but nevertheless concluded that such acts and conduct did not constitute extreme cruelty. Of course in any case it may appear from the evidence that there has been a condonation of the cruel course of conduct, but if so a plaintiff is entitled to a direct finding on that issue.

██ Respondent takes the position that where as here a plaintiff under the authority of section 426b of the Code of Civil Procedure, as enacted in 1939, filed a complaint for divorce which does not plead the specific acts relied upon as constituting extreme cruelty, such plaintiff is not entitled to specific findings. It is to be noted, however, that the Legislature has not indicated an intention to modify the terms of Civil Code section 131, which expressly provides that "In actions for divorce, the court must file its decision and conclusions of law as in other cases. . . ." Nor has it been held in any case, so far as our attention has been called, that the enactment of section

426b of the Code of Civil Procedure has the effect of excluding from the operation of said section 131 of the Civil Code, actions for divorce brought pursuant to the provisions of said section 426b of the Code of Civil Procedure.

Findings of fact may, of course, be waived (24 Cal. Jur. 954); and a plaintiff who adopts the form of pleading sanctioned by section 426b, Code of Civil Procedure, and makes no request for findings as to specific facts, doubtless waives such findings and will be deemed to have consented to a finding following the language of the complaint. In the case herein, however, a request for such findings was made. Plaintiff filed proposed specific findings, to which defendant filed objections. The court sustained the objections and finally directed the defendant to prepare findings. The findings as adopted are those submitted by the defendant; and plaintiff's objections thereto were overruled. On her evidence she has demonstrated conduct on the part of the husband constituting extreme cruelty. The husband's testimony was in sharp conflict with that of the wife on most points. In the circumstances she had the right to specific findings as to whether the husband had committed the acts to which she testified. If so, she was entitled to a divorce. In the present form of the findings it cannot be ascertained whether the court accepted the husband's version, in which event a divorce was properly denied, or, believing the wife, nevertheless erroneously denied her a divorce.

The judgment is reversed.

Peters, P. J., and Ward, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 3, 1942.