[Civ. No. 15633.   Second Dist., Div. Three.   June 9, 1947.]

RUTH M. ENGLE, Respondent, v. FRANK T. ENGLE, Appellant.

Keller & Smith and Richard J. Keller for Appellant.

No appearance for Respondent.

WOOD, J.—Defendant appeals from an interlocutory decree of divorce granted to plaintiff. He asserts that the evidence was insufficient to support the decree and that the court erred in failing to make specific findings.

Plaintiff alleged in her complaint "That for more than one year last past the defendant, Frank T. Engle, has treated this plaintiff in an extremely cruel and inhuman manner and he has thereby caused her to suffer and she does suffer great and grievous mental and physical suffering and anguish, and by reason thereof she can no longer live with said defendant as his wife." She did not plead specific acts constituting cruelty.

Plaintiff testified that she was a school teacher; that during several years of their marriage, including the year preceding their separation in 1944, defendant was an habitual drinker of intoxicating liquor; that he became intoxicated frequently

and when he was under the influence of alcohol he used profanity toward her, called her abusive names, and at times called her such names in the presence of neighbors; that during a period of three weeks he would not let her have the keys to the automobile which she had been using to go to and from the school where she was a teacher. Her testimony was corroborated by her two daughters.

Defendant testified that he drank beer frequently; that he did not drink whiskey, but occasionally before meals he drank an appetizer consisting of a little liquor with lemon in it; that he was never intoxicated; that he never called her abusive names or cursed her; that he did not remember telling her she could not use the automobile.

A witness, called by defendant, testified that she had been employed by the parties as a housekeeper, part time, for about six months in 1937; that she never saw defendant drink intoxicating liquor and never saw him intoxicated; that she never saw him drink beer; that she never heard him swear at plaintiff; that she never saw him abuse her.

A witness, called by defendant, testified that she had known the parties about nine years; that she had lived next door to them; that she had been in their home about once a month in 1944; that during the year preceding the trial (trial was on November 19, 1945) defendant had been living in a house at the rear of her house; that she had never seen him intoxicated, and had never seen him mistreat plaintiff.

The trial judge announced his decision in open court when the case was submitted to him on November 19, 1945. He said: "Interlocutory decree granted; property found to be the separate property of the respective parties." Counsel for defendant then said: "May we have findings as to the specific acts of cruelty?" Counsel for plaintiff then said: "All right." The judge then said, "Yes." Counsel for plaintiff said: "I will prepare findings."

The findings were dated and filed January 4, 1946, and as to the matter of cruelty, the findings were in the same words as the allegations of the complaint concerning cruelty hereinbefore quoted.

It therefore appears that the findings were in general terms, and were not specific as requested by defendant. The proposed findings of fact, which were later signed and filed, were prepared by counsel for plaintiff and were mailed to counsel for defendant on November 19, 1945. Counsel for defendant filed objections to the proposed findings with the county clerk

on November 21, 1945, the objections being predicated on the fact that the findings were not in accordance with his request for specific findings but were findings which followed the general language of the complaint. It appears from defendant's brief (no brief was filed by plaintiff) that counsel for defendant did not receive any notice of a date when findings would be settled or when a ruling would be made as to the objections; that he received a notice from the clerk of the court, signed by E. Gibson, (apparently received soon after January 10, 1946) stating as follows: "Mr. Keller [counsel for defendant] I informed Judge Doyle that your Objections had been received in November and mislaid. He instructed me to file same which I did today, January 10, 1946." The findings of fact and interlocutory decree were signed and filed on January 4, 1946. In the original file is the letter which counsel for defendant sent to the court when the objections were sent for filing, and at the bottom of it is the following notation: "Objections inadvertently mislaid and overlooked and were not presented to Judge Doyle until January 10, 1946, at which time he instructed the Clerk to file same. E. G." It appears also from the brief that counsel for defendant wrote a letter to the judge on January 20, 1946, stating in substance the matters hereinabove stated regarding the filing of objections, and that under the circumstances of the objections being mislaid he would appreciate the advice of the judge as to the matter of having a settlement of the findings. It also appears that no reply was made to that letter.

It is clear that immediately after the decision was made the defendant in open court requested findings as to the specific acts of cruelty, and that he did not thereafter waive such findings, but objected in writing to the proposed general findings promptly after they were served on him. The evidence presented by the parties as to asserted acts of extreme cruelty was conflicting in practically all respects. In the circumstances here the defendant was entitled to specific findings as to the acts of cruelty, and it was prejudicial error not to make them. (See *Bilger* v. *Bilger,* 54 Cal.App.2d 739, 742 [129 P.2d 752]; and *Del Ruth* v. *Del Ruth,* 75 Cal.App. 2d 638, 644 [171 P.2d 34].)

The interlocutory decree is reversed.

Shinn, Acting P. J., and Kincaid, J. pro tem., concurred.

The opinion and judgment were modified to read as above on July 1, 1947.