30 Cal.2d 898 (1947)
HELEN SANDERS LaMARR, Respondent,
v.
JACK C. LaMARR, Appellant.
L. A. No. 19845. 
Supreme Court of California. In Bank. 
Nov. 21, 1947.
 John W. Preston and David L. Sefman for Appellant.
 Don Lake for Respondent.
 Ben Van Tress as Amicus Curiae, on behalf of Respondent.
 TRAYNOR, J.
 Plaintiff brought this action for divorce against her husband on the grounds of adultery and extreme cruelty. The cause of action on the ground of extreme cruelty was stated in general terms as follows: "Willfully disregarding the solemnity of his marriage vows, defendant has treated *900 plaintiff in a cruel manner and has subjected her to a course of cruel treatment and has thereby wrongfully inflicted upon plaintiff grievous mental suffering, humiliation and embarrassment. That because of such cruel treatment, plaintiff has suffered extreme mental cruelty to such an extent as to impair her health and peace of mind." Defendant denied plaintiff's allegations as to both causes of action. He filed a cross-complaint praying for a divorce on the ground of extreme cruelty of plaintiff, which he alleged in general terms. He also alleged specific acts of cruelty. The trial court granted plaintiff a divorce on the ground of defendant's extreme cruelty. It made no specific findings, but found that the allegations of cruelty in the complaint were true despite defendant's objection "that the proposed findings of facts do not cover specific facts as to the issue of extreme cruelty" and his request for specific findings. The trial court also found that the allegations in defendants' amended cross-complaint were untrue. The judgment awarded all community property to plaintiff except the sum of $2,500 awarded defendant. The property awarded plaintiff included a ranch, which the trial court found to be community property. Defendant appeals.
 Defendant contends that the general finding as to his alleged cruelty was insufficient to support the judgment in the absence of a waiver of specific findings, that there was no such waiver since he objected to the proposed general findings, and that therefore the trial court committed prejudicial error in failing to make specific findings as to defendant's cruelty.
 [1] A trial court's duty to make findings of facts in a divorce case is predicated upon Civil Code, section 131, which provides: "In actions for divorce the trial court must file its decision and conclusions of law as in other cases. ..." That duty, which is the same in divorce cases as in other cases (Waldecker v. Waldecker, 178 Cal. 566, 567 [174 P. 36]; see Ungemach v. Ungemach, 61 Cal.App.2d 29, 39-40 [142 P.2d 99]) is to find ultimate rather than probative or evidentiary facts. [2] Findings of ultimate facts are controlling unless drawn as conclusions from findings of probative facts that do not support them. (Fitzpatrick v. Underwood, 17 Cal.2d 722, 727 [112 P.2d 3]; Quinn v. Rosenfeld, 15 Cal.2d 486, 492 [102 P.2d 317]; Hammond Lumber Co. v. Barth Inv. Corp., 202 Cal. 606, 609 [262 P. 31]; see 24 Cal.Jur. 968.) [3] Defendant, relying on Smith v. Smith, 62 Cal. 466, 468, contends, however, that a general finding that one spouse by cruel treatment *901 inflicted grievous mental suffering upon the other is a conclusion of law and not a finding of an ultimate fact. In the Smith case a finding was held to be "but a conclusion of law" that stated: "That the repeated acts of cruelty, as established by the evidence, upon the part of said defendant toward her said husband and children during the last several years, have inflicted upon the plaintiff grievous mental suffering." This holding is contrary to the rule established by later cases that the question whether one spouse has inflicted grievous bodily injury or grievous mental suffering upon the other is a question of fact to be determined by the trial court as the ultimate fact in issue in a divorce action for cruelty. "Whether in any given case there has been inflicted this 'grievous mental suffering' is a pure question of fact, to be deduced from all the circumstances of each particular case, keeping always in view the intelligence, apparent refinement, and delicacy of sentiment of the complaining party; and no arbitrary rule as to what particular probative facts shall exist in order to justify a finding of the ultimate facts of its existence can be given." (Barnes v. Barnes, 95 Cal. 171, 177 [30 P. 298, 16 L.R.A. 660]; Keener v. Keener, 18 Cal.2d 445, 447 [116 P.2d 1]; Fleming v. Fleming, 95 Cal. 430 [30 P. 566, 29 Am.St.Rep. 124]; Mac Donald v. Mac Donald, 155 Cal. 665 [102 P. 927, 25 L.R.A.N.S. 45]; Avery v. Avery, 148 Cal. 239 [82 P. 967]; Cline v. Cline, 4 Cal.App.2d 626 [41 P.2d 588]; Shaw v. Shaw, 122 Cal.App. 172 [9 P.2d 876]; Davis v. Davis, 58 Cal.App. 100, 102 [207 P. 923]; Van Camp v. Van Camp, 53 Cal.App. 17, 22 [199 P. 885]; Scheibe v. Scheibe, 57 Cal.App.2d 336, 340, 341 [134 P.2d 835]; Ungemach v. Ungemach, 61 Cal.App.2d 29, 33-34 [142 P.2d 99]; Del Ruth v. Del Ruth, 75 Cal.App.2d 638, 644 [171 P.2d 34].) Smith v. Smith, supra, must therefore be regarded as overruled by the later cases.
 [4] Defendant contends, however, that a general finding of the infliction of grievous bodily injury or grievous mental suffering by one spouse upon the other is too uncertain to support a divorce decree and that therefore specific findings of acts constituting the cruelty are necessary, when the losing party has not waived specific findings by his failure to object to proposed general findings. Defendant relies on Franklin v. Franklin, 140 Cal. 607, 609 [74 P. 155]; Turner v. Turner, 187 Cal. 632, 635 [203 P. 109]; Perkins v. Perkins, 29 Cal.App. 68 [154 P. 483]; Nelson v. Nelson, 18 Cal.App. 602 [123 P. 1099]; Cargnani v. Cargnani, 16 Cal.App. 96 [116 P. 306]; *902 Bilger v. Bilger, 54 Cal.App.2d 739 [129 P.2d 752]; Del Ruth v. Del Ruth, 75 Cal.App.2d 638 [171 P.2d 34]; Lucich v. Lucich, 75 Cal.App.2d 890 [172 P.2d 73]. For the determination of the present case it is immaterial what rule governed findings as to cruelty before 1939 when the Legislature adopted section 426b of the Code of Civil Procedure (Stats. 1939, p. 1673), which provides: "In an action for a divorce, it is not necessary, in the absence of a demurrer for uncertainty, to plead specific facts constituting cruelty in order to plead a cause of action." Findings are made by a trial court to dispose of the issues raised in the pleadings. "If facts are stated in the findings in the same way in which they are stated in the pleadings, they are sufficient ... 'The only purpose of the findings is to answer the questions put by the pleadings.' " (Dam v. Zink, 112 Cal. 91, 93 [44 P. 331]; McCarthy v. Brown, 113 Cal. 15, 18 [45 P. 14]; Carter v. Canty, 181 Cal. 749, 752 [186 P. 346]; Dodd v. Dunn, 193 Cal. 334, 335 [223 P. 952]; see 24 Cal.Jur. 927, 985.) "A general finding that all of the allegations of a complaint are true has been repeatedly upheld by this court. (Gale v. Bradbury, 116 Cal. 39 [47 P. 778]; Johnson v. Klein, 70 Cal. 186 [11 P. 606].)" (McKelvey v. Wagy, 157 Cal. 406, 409 [108 P. 268]; see Stevens v. Stevens, 215 Cal. 702, 705 [12 P.2d 432]; Popescue v. Popescue, 46 Cal.App.2d 44, 53 [115 P.2d 208].) The Legislature was presumably aware of this relation between pleadings and findings when it amended the Code of Civil Procedure to provide that in the absence of a demurrer for uncertainty a cause of action for extreme cruelty is properly stated by pleading cruelty in general terms. Since defendant did not interpose a demurrer for uncertainty, he clearly had no right to findings that were more specific than the allegations in the complaint.
 [5] Defendant relies, however, on Bilger v. Bilger, 54 Cal.App.2d 739 [129 P.2d 752]; Del Ruth v. Del Ruth, 75 Cal.App.2d 638 [171 P.2d 34]; and Lucich v. Lucich, 75 Cal.App.2d 890 [172 P.2d 73], which were decided after the 1939 amendment to the Code of Civil Procedure. In the Bilger case the court was concerned with a finding "that it is not true that the defendant ... was, is or has been guilty of extreme cruelty to the plaintiff." It was held that this finding was too uncertain to support the judgment. A finding that a party has not been guilty of extreme cruelty is as much a finding of an ultimate fact as one that a party has been guilty of extreme cruelty, and, when cruelty has *903 been pleaded in general terms, it answers the issue raised in the pleadings. It is no more uncertain than other findings of ultimate facts. The Bilger case is therefore disapproved.
 In Del Ruth v. Del Ruth, 75 Cal.App.2d 638, 644 [171 P.2d 34], it was held that the general findings of the trial court were sufficient to support the judgment in the absence of any objection to them. The statement in that opinion that the findings would have been insufficient, had they encountered objection, was unnecessary to the decision.
 In Lucich v. Lucich, 75 Cal.App.2d 890 [172 P.2d 73], the complaint set forth several specific allegations of cruelty as well as a general allegation. The trial court found that all the allegations in the complaint as to cruelty were true. The trial court also found, however, that "said acts of wrongdoing herein are such in the judgment of the Court as not to constitute or amount to extreme cruelty." It was held by the District Court of Appeal that the findings as to the allegations of the complaint established the ultimate fact that defendant wrongfully inflicted grievous bodily injury or grievous mental suffering upon plaintiff, and that the finding that defendant's conduct did not constitute extreme cruelty was not a finding of fact but a conclusion of law governed by an erroneous conception of extreme cruelty. The statement in the opinion that standing alone a finding of cruelty in general terms would not have been sufficient was unnecessary to the decision. Any language in Del Ruth v. Del Ruth, 75 Cal.App.2d 638 [171 P.2d 34], or Lucich v. Lucich, 75 Cal.App.2d 890 [172 P.2d 73], contrary to the holding in the present case is disapproved.
 [6] Defendant contends that the trial court erred in finding that the ranch was community property. He relies on the fact that it was conveyed to the parties by a deed designating them as joint tenants. It is settled, however, that evidence is admissible to show that a husband and wife who took property as joint tenants actually intended it to be community property. (Tomaier v. Tomaier, 23 Cal.2d 754, 757 [146 P.2d 905], and cases there cited.) There was evidence that when the parties acquired the ranch, they agreed it should be community property. [7] Defendant contends, however, that even if it be assumed that the ranch was community property, it ceased to be such and became property owned by the parties as tenants in common by virtue of a property settlement agreement dated August 17, 1945, which provided among other things: "(4) That both parties own *904 as community property a certain ranch located in Lancaster, California. That it is hereby agreed between the parties hereto that said ranch, its improvements and equipment shall be sold at any price agreed upon by the parties, and that the net proceeds derived from the sale of said ranch shall be divided equally, share and share alike, between the parties hereto. In the interim said property shall be held as tenants in common, each holding an undivided one-half interest in the same." This agreement was prepared by defendant's counsel and was signed by defendant in duplicate. The two copies signed by defendant were delivered to Mr. Paul Cote, who at that time was plaintiff's attorney. Plaintiff signed both copies of the agreement and kept one, giving the other to her attorney, who never delivered that copy to defendant or his counsel. Defendant's counsel advised plaintiff, by a letter dated November 8, 1945, "that Mr. La Mar hereby gives you notice of revocation of the proposed agreement, above referred to, by reason of the fact that said agreement was never accepted to this date, and for other reasons not herein specifically designated." In accord with this letter defendant's counsel declared at the trial of this case that the property settlement agreement was not completed, on the ground that both copies thereof signed by defendant remained in the hands of plaintiff or her attorney, and that there was no delivery of either to defendant or his counsel and therefore no acceptance of the proposed agreement by plaintiff. This position formerly taken by defendant himself is correct. A contract in writing and a grant of property take effect upon delivery of the instrument. (Civ. Code, 1626, 1054; Miller v. Jansen, 21 Cal.2d 473, 476 [132 P.2d 801]; McKinney v. Sargent, 216 Cal. 18, 22 [13 P.2d 373]; Hudemann v. Dodson, 215 Cal. 3, 6 [7 P.2d 997]; Ivey v. Kern County Land Co., 115 Cal. 196, 201 [46 P. 926]; Houk v. Williams Bros., Ltd., 58 Cal.App.2d 573, 579 [137 P.2d 737].) Since plaintiff failed to deliver to defendant or his counsel a copy of the instrument signed by her, it did not take effect as a contract or a grant of property. Delivery of the instrument signed by defendant to plaintiff's counsel constituted an offer to enter into a property settlement agreement with plaintiff, which defendant was free to withdraw and which was withdrawn by the letter of revocation addressed by his counsel to plaintiff.
 The judgment is affirmed.
 Gibson, C.J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.
 SHENK, J.
 I concur in the judgment and in the opinion in so far as it holds that the defendant is now foreclosed from his insistence on findings of specific acts of cruelty. This is so because of his failure to demur for uncertainty to the general allegations of the complaint. (See Code Civ. Proc., 426b.) But this is as far as the court need or should go in the determination of the appeal. The question of the effect of the failure of a plaintiff to avail himself of the right to object to general findings against him on such an issue is not involved in this case, and I dissent from the portion of the opinion which assumes to decide that question. I see no reason or justification for reaching out beyond the issues in this case to disapprove directly or otherwise such well-reasoned cases as Bilger v. Bilger, 54 Cal.App.2d 739 [129 P.2d 752, and Del Ruth v. Del Ruth, 75 Cal.App.2d 638 [171 P.2d 34].