[No. 14485.   Department One. — March 31, 1892.]

CARRIE S. VENZKE, RESPONDENT, v. FREDERICK W. VENZKE, APPELLANT.

DIVORCE — EVIDENCE — CORROBORATION OF PLAINTIFF. — Upon a review of the evidence, *held*, that the testimony of the plaintiff in an action of divorce as to the extreme cruelty of the defendant was sufficiently corroborated, within the meaning of section 130 of the Civil Code.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Jo Hamilton,* and *George W. Hamilton,* for Appellant.

*John W. Fulweiler,* for Respondent.

VANCLIEF, C. — Action for divorce on the ground of extreme cruelty, in which the judgment was in favor of the plaintiff.

The defendant appeals from the judgment, and from an order denying his motion for a new trial.

The complaint charges that the cruelty was inflicted upon the plaintiff by calling her vile and opprobrious names, and charging her with infidelity to her marriage vows, and by communicating to her a loathsome venereal disease, which for a long time caused her great and grievous bodily suffering and injury.

Among others, the court made the following finding: " 5. That the defendant, for more than two years before the commencement of this action, had been guilty of extreme cruelty toward the plaintiff, and treated her in a cruel and inhuman manner, calling her vile and opprobrious names, and charging her with infidelity to her marriage vows."

The only point urged here by appellant's counsel is, that the finding numbered 5 is not justified by the evidence, not, however, because the testimony of the plaintiff did not sufficiently tend to prove it, but because her testimony in that respect was not corroborated. The

sole question, therefore, to be determined is, Was the plaintiff's testimony as to cruelty corroborated?

I think defendant's letter to the plaintiff of May 2, 1889, tends to corroborate her testimony as to his having charged her with adultery with one Phelps. The witness Dixon testified that in November, 1888, the plaintiff came to his store crying, and saying that defendant had threatened her, and called her vile and opprobrious names, whereupon the witness sent for defendant and informed him of the complaint his wife had made against him, and explained to him fully what his wife had charged him with doing and saying to her, and that defendant did not deny the truth of his wife's complaint or charges against him. This testimony, though indefinite as to the character of the threats, and as to what names he had called her, yet tends to prove that he had called her vile names, and had threatened her with some degree of punishment, and thereby, in a slight degree at least, corroborates her testimony as to his cruel treatment.

Dr. Reuda testified that as plaintiff's physician he had treated her for gonorrhea, with which she was afflicted in August, 1887. This sufficiently corroborated her testimony that she had that disease. As to this disease, the plaintiff testified that she did not know what it was until defendant informed her, and advised her to be treated for it by Dr. Reuda, telling her at the same time that he had consulted the doctor and found that he had the same disease. The defendant, on cross-examination, while testifying in his own behalf, admitted that he had the disease, and that he had consulted Dr. Reuda in regard to it, and did not deny that he had advised his wife to consult the doctor, but said he had taken the disease from his wife. When plaintiff's counsel asked Dr. Reuda what he knew about defendant's case, defendant objected under section 1881 of the Code of Civil Procedure, and refused to consent to the doctor's examination as to any information acquired while treating him.

The degree of corroboration required by section 130 of the Civil Code has never been defined; and it has been said that "in the very nature of the case it would be impossible to lay down any general rule as to the degree of corroboration which will be requisite. Hence the statute only requires that there shall be some corroborating evidence." (*Evans* v. *Evans*, 41 Cal. 104; *Cooper* v. *Cooper*, 88 Cal. 45.) According to these cases, I think the testimony of the plaintiff as to extreme cruelty was sufficiently corroborated, and that the judgment and order should be affirmed.

FOOTE, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.