[L. A. No. 6217. In Bank.—December 23, 1921.]

JENNIE WALZ TURNER, Appellant, v. LEWIS MANEY TURNER, Respondent.

[1] DIVORCE—EXTREME CRUELTY—CONFLICT OF EVIDENCE—FINDINGS— APPEAL.—Where in an action for divorce on the ground of extreme cruelty the evidence is in substantial conflict as to each and all of the alleged acts, the findings, if in themselves sufficient to respond to such issues, will not be disturbed.

[2] ID.—GENERAL FINDING—CONCLUSION OF LAW.—A general finding in such an action that the defendant has not been guilty of extreme cruelty or any cruelty toward the plaintiff, and has not wrongfully or at all inflicted upon the plaintiff grievous or any bodily injury, or grievous or any mental suffering, is not sufficient to respond to the issues nor to support the judgment, since it is nothing more than a conclusion of law.

[3] ID.—TRUTH AND FALSITY OF MATERIAL ALLEGATIONS — INSUFFICIENCY OF FINDINGS.—General findings in such an action that each and every material allegation contained in plaintiff's complaint is untrue, and that each and every material allegation contained in defendant's answer is true, are insufficient to support the judgment, since they are uncertain as to what averments are deemed material.

[4] ID.—SPECIFIC AND GENERAL FINDINGS—SUPPORT OF JUDGMENT.— Where in an action for divorce on the ground of extreme cruelty the court, in addition to general findings, made specific findings as to the truth or falsity of each and all of the particular averments of cruelty set forth in the complaint, and found them to be either untrue or unsustained by sufficient evidence, the generalities in the findings may be disregarded.

[5] ID.—DESERTION—EVIDENCE—SEPARATION BY MUTUAL CONSENT.— In an action for divorce on the ground of desertion, a finding against the plaintiff is justified on evidence sufficient to justify the conclusion that the separation was by mutual consent.

[6] FINDING—NEGATION OF ALLEGATION OF COMPLAINT—SUFFICIENCY. A finding which is in identical language a negation of the allegation in the complaint is sufficient.

[7] ID.—CONSTRUCTION OF FINDINGS.—Findings are to be construed so as to support the judgment.

[8] DIVORCE—EXTREME CRUELTY—UNCERTAINTY OF SPECIFIC FINDING —INSUFFICIENT GROUND OF REVERSAL.—Where in an action for divorce on the ground of extreme cruelty the court made general findings that the defendant had not at any time or at all been guilty of extreme cruelty toward the plaintiff, the judgment in

favor of the defendant will not be reversed because of uncertainty in a specific finding upon a single charge of cruelty as to whether, by reason of its partly disjunctive and partly conjunctive form, it· was in favor of or against the allegation of the complaint.

[9] ID.—EVIDENCE—CAUSE OF MARITAL UNHAPPINESS—STATEMENT TO PHYSICIAN—HEARSAY.—In such an action a statement made by the plaintiff to her physician regarding her husband's treatment of her as affecting the unhappiness of her married life was inadmissible, where not part of the *res gestae* or necessary to enable the physician to determine the nature of her malady.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goudge, Robinson & Hughes for Appellant.

W. I. Gilbert and Maury Kemp for Respondent.

RICHARDS, J., *pro tem.*—This appeal is from a judgment in favor of the defendant in an action for divorce upon the grounds of extreme cruelty and desertion. The parties intermarried on September 16, 1899, in El Paso, Texas. Several children were born of said marriage, of whom there were living, at the time this action was instituted, three daughters, whose names and ages were: Virginia, aged seventeen years; Marion, aged twelve years, and Jane, aged two years.

Plaintiff sets forth in the first count of her complaint certain acts and conduct of the defendant which are alleged to have caused said plaintiff great mental suffering and a nervous breakdown, seriously impairing her health. It is not necessary to consider these allegations in detail for the reasons hereinafter stated, with the exception of the following averment. The complaint alleges:

"That, within one year last past, the said defendant has, at diverse times, falsely and willfully insinuated and stated to the two older children of the plaintiff and defendant that the plaintiff was not a proper person to have the care, custody and upbringing of the said children and has questioned the said two older children as to the acts and conduct of the plaintiff during the absence of the defendant, in such a manner as to tend to cause them to believe that the plain-

tiff's acts and conduct have not been proper, but that defendant well knew, at the time, that the plaintiff had been guilty of no improper conduct, and that it was the purpose and intention of said defendant to prejudice the said children against the plaintiff.''

The defendant in his answer specifically denies the above allegation. Upon the trial and submission of the cause the court made the following finding in respect thereto:

''The court finds that the defendant did not, within one year last past, or at any time or at all, falsely, or willfully or at all insinuate or state to the two older children of the plaintiff and defendant, or to either of said children, that the plaintiff was not a proper person to have the care, or custody, or upbringing of said children and finds that the defendant has not questioned the said two older children as to the acts and conduct of the plaintiff during the absence of the defendant, in such a manner as to tend to cause them to believe that the plaintiff's acts or conduct had not been proper, when the defendant knew at said time that the plaintiff had been guilty of no improper conduct, and the court finds that it was not the purpose or intention of said defendant to prejudice the said children against the plaintiff.''

The appellant urges several contentions upon this appeal, the first of which is that the evidence is insufficient to justify the findings of the trial court upon the various acts of alleged cruelty, other than the specific act embraced in the foregoing averment and finding. [1] It is sufficient to say in response to this contention that as to each and all of these acts of alleged cruelty, with the exception above noted, the evidence is in substantial conflict, and this being so the findings of the trial court, if in themselves sufficient to respond to these issues, will not be disturbed. The appellant, however, contends that the findings of the trial court upon these several alleged acts of cruelty, other than that above specifically referred to, are insufficient to respond to the issues therein presented, and hence insufficient to support the judgment. An examination of the findings of the court discloses that at the outset the court made the following general finding having relation to the first count of the plaintiff's complaint:

''The court finds that the defendant has not, at divers times within eighteen years last past, or at any time or at

all, been guilty of extreme or any cruelty toward the plaintiff, and has not wrongfully or at all inflicted upon the plaintiff grievous or any bodily injury, or grievous or any mental suffering.''

It will further be noted that toward the close of its findings the court made the following two general findings:

''And the court further finds that, except as herein found to the contrary, each and every material allegation contained in plaintiff's complaint herein is untrue.

''The court finds that, except as herein found to the contrary, each and every material allegation contained in the defendant's answer is true, as therein stated.''

[2] It may be conceded that the foregoing general findings would, neither separately nor in conjunction, be sufficient to respond to the issues above referred to, nor to support the judgment; the first, because standing alone it would amount to nothing more than a conclusion of law. (*Franklin* v. *Franklin,* 140 Cal. 607, [74 Pac. 155]; *Smith* v. *Smith,* 62 Cal. 466.) [3] It may also be conceded that the further and concluding findings of the court above quoted would also be insufficient to support the judgment for the reason that they are each subject to the vice pointed out in the case of *Holt Mfg. Co.* v. *Collins,* 154 Cal. 276, [97 Pac. 520], wherein the court said: ''The general omnibus finding that all the material denials and averments in answer to the complaint herein are true and all of the material averments of the amended complaint in intervention are true, is insufficient for any purpose.'' The reason is that it is uncertain; no one can know what averments were deemed material. (See, also, *Johnson* v. *Squires,* 53 Cal. 37; *Ladd* v. *Durkin,* 54 Cal. 395; *Krug* v. *F. A. Lux etc. Co.,* 129 Cal. 322, [61 Pac. 1125]; *Stampfli* v. *Stampfli* (Cal. App.), 199 Pac. 829.)

[4] The difficulty with the appellant's foregoing contention as to the insufficiency of these findings is that the trial court did not content itself with the general findings above criticised, but proceeded to make specific findings as to the truth or falsity of each and all of the particular averments of cruelty set forth in the plaintiff's complaint, with the exception above noted, and as to these found them to be either untrue or unsustained by sufficient evidence. The generalities in the court's findings may, therefore, be disre-

garded and the contention of the appellant with regard to the insufficiency of such findings to support the judgment be held to be without merit.

[5] It may be said that as to the second count of the plaintiff's complaint alleging desertion there was sufficient evidence before the court to justify the conclusion that whatever separation there was between the parties was by mutual consent, which would suffice to justify the finding which the court made against the plaintiff upon that alleged cause of action.

This brings us to the main contention of the appellant as to the insufficiency of the evidence to support the finding and of the findings to sustain the judgment of the trial court in relation to the averment and finding first above specifically set forth. As to that finding, it is the contention of the appellant in substance that it is ambiguous and misleading, and that, drawn as it is in a partly disjunctive and partly conjunctive form, it cannot be determined therefrom whether it is to be understood as a finding in favor of or against the allegations of the plaintiff's complaint as to the specific charge referred to in said finding. The appellant further contends that if said finding is to be construed as a finding against the plaintiff as to this specific charge it is unsupported by the evidence in the case. [6] In answer to the first of these contentions it may be stated generally that a finding which is in identical language a negation of the allegation in the complaint is sufficient. (*Dam* v. *Zink,* 112 Cal. 91, [44 Pac. 331] ; *McCarthy* v. *Brown,* 113 Cal. 15, [45 Pac. 14] ; Hayne on New Trial and Appeal, Rev. ed., sec. 242.) [7] It should also be stated as a general rule that findings are to be construed so as to support the judgment. It was evidently the intention of the trial court in this case to make a finding against the plaintiff in the identical language of the complaint, except as such finding was attempted to be cast in the negative form. [8] Its efforts so to do may have resulted in giving to such finding the doubtful and ambiguous meaning of which the appellant complains, but, even if this be conceded to be true, it does not, therefore, follow that the judgment should be reversed for that reason, since even if said finding should be given the construction which the appellant claims for it, and even if it were true that said finding was a clear and unambiguous finding of fact in

favor of the plaintiff upon this single charge of cruelty, it must still be read in conjunction with the conclusion of the trial court above quoted to the effect that the defendant has not at any time or at all been guilty of extreme cruelty toward the plaintiff. Such findings read together and taken in connection with the other specific findings of the court against the plaintiff as to every other specific charge of cruelty averred in her complaint would amount to the finding that the single act of alleged cruelty intended to be covered by the objectionable finding was insufficient in itself to amount to extreme cruelty so as to entitle the plaintiff to a divorce. If our reasoning and conclusion in this regard be correct, it follows that the appellant's second contention that said finding, if taken to be a finding against her, is unsupported by the evidence, becomes immaterial, since even if said finding were clearly in accord with the evidence it would still be insufficient, according to the trial court's conclusion, to constitute extreme cruelty so as to justify a judgment of divorce.

[9] The appellant further urges that the trial court committed error in the rejection of certain evidence offered on her behalf. The plaintiff's physician was called by her and testified as to certain troubles existing in her sexual organs and a general nervous condition due to such trouble. He was then asked the question as to whether she made any statement to him as to the cause or reason of her condition, which question he answered affirmatively. He was then asked: "What did she say about it?" which question was objected to and the objection sustained. He was then asked as to whether he had formed an opinion as to the reason for or cause of her condition. Upon an objection being urged to this question, the court inquired of the physician whether he could tell from his objective examination what the cause of the condition of the plaintiff was, and upon his answer that he could do so relatively he was permitted by the court to answer, limiting his reason to what he ascertained from objective examination. The trial court also refused to allow another witness called on behalf of the plaintiff to testify as to statements and complaints made to her by the plaintiff of unhappiness in her married life. We see no error in the rulings of the trial court in regard to these two witnesses. Whatever statement the plaintiff may have made to her

physician regarding her husband's treatment of her as affecting the happiness or unhappiness of her married life would not be the less hearsay and self-serving declarations when made to him than when made to any other person not a physician. They were not part of the *res gestae,* as was the case in *Venzke* v. *Venzke,* 94 Cal. 225, [29 Pac. 499], cited by appellant, nor does it appear that they were necessary to enable the physician to determine the nature of her malady, to which he fully testified as the result of his objective examination. The only purpose for which the evidence of these two witnesses apparently was offered was to show that the plaintiff had made statements to each of them as to the unhappiness of her married life. Such evidence was clearly hearsay and inadmissible.

The judgment is affirmed.

Wilbur, J., Waste, J., Shaw, C. J., Lennon, J., Sloane, J., and Shurtleff, J., concurred.

Rehearing denied.

All the Justices concurred.