[Civ. No. 5061.    First Appellate District, Division One.—February 18, 1927.]

## HANNAH T. SHERMAN, Respondent, v. GEORGE W. SHERMAN, Appellant.

[1] DIVORCE—MAINTENANCE—DESERTION—RES ADJUDICATA—APPEAL—LACK OF PRESENTATION OF POINT—PRESUMPTIONS. — On an appeal from a judgment of divorce, it may be assumed that the appellant's point that the trial court erred in admitting a judgment-roll in a former suit for maintenance between the same parties by which the original desertion by defendant of plaintiff was fixed as of a certain date, and in holding that such judgment-roll was *res adjudicata* on the question of defendant's alleged desertion, is abandoned, where no argument is presented nor authorities cited by appellant to sustain his position in respect to such question raised by him.

[2] ID.—RES ADJUDICATA.—On such appeal, where it appears that the maintenance action was between the same parties as were litigants in the divorce action, and was apparently before a court of competent jurisdiction, and which court decided a matter or point which was *directly in controversy in the divorce suit, such facts, prima facie* at least, are sufficient to bring the matter within the rule as to the conclusiveness of the judgment in the maintenance action as affecting the identical issue in the divorce suit.

[3] ID.—DESERTION—FINDING—EVIDENCE.—On such appeal, it is held, that the evidence was sufficient to sustain the finding that the desertion of plaintiff by defendant was continuous for one year next after the date of the original desertion as determined by the judgment in the maintenance action.

[4] ID.—FINDINGS — EVIDENCE — APPEAL. — In such divorce action, it was the exclusive province of the trial judge to determine where lay the truth in reference to the evidence, and his findings of fact

---

1.    See 2 R. C. L. 178; 2 Cal. Jur. 732.

on the evidence being entirely against the contention of defendant, that he should have been granted a decree of divorce on his cross-complaint, or at any rate that the evidence "shows recrimination in bar of plaintiff's cause," such findings are conclusive on appeal.

(1) 4 **C. J.**, p. 1072, n. 41.    (2) 19 **C. J.**, p. 131, n. 87.    (3) 19 **C. J.**, p. 145, n. 62, p. 192, n. 19.    (4) 19 **C. J.**, p. 193, n. 32.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph H. Clock, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

C. N. Carns, Turnbull, Heffron & Kelley and Rupert B. Turnbull for Respondent.

HOUSER, J.—This is an appeal by defendant from a judgment in favor of plaintiff in a suit for a divorce. Two grounds for divorce were alleged in the complaint against defendant—one for the wilful desertion of plaintiff by defendant and the other for his wilful neglect of plaintiff.

It is contended by appellant that the trial court erred in admitting a judgment-roll in a former suit for maintenance between the same parties by which the original desertion by defendant of plaintiff was fixed as of date June 14, 1922; and in holding "that said judgment-roll was *res adjudicata* on the question of defendant's alleged desertion."

[1] No argument is presented, nor are authorities cited by appellant to sustain his position in respect to such question raised by him; consequently it may be assumed that the point is abandoned. [2] However, the maintenance action was between the same parties as were litigants in the instant case; was apparently before a court of competent jurisdiction and which court decided a matter or point which was directly in controversy in the divorce suit; and which facts, *prima facie* at least, are sufficient to bring the matter within the rule as to the conclusiveness of the judgment in the maintenance action as affecting the identical issue in the divorce suit. In addition thereto, the record shows that the only point decided by the trial court in the divorce suit, with reference to the maintenance action, was

that the desertion by defendant of plaintiff was established as beginning on the same date as theretofore had been determined by the court and set forth in the judgment in the maintenance action.

[3] Appellant also complains that the evidence was insufficient to sustain the finding that the desertion of plaintiff by defendant was continuous for one year next after the date of the original desertion as determined by the judgment in the maintenance action. Although the evidence was conflicting, it sufficiently established the facts that on a stated date defendant left the home occupied by the parties, at which time he said that he was "done with the whole family"; that thereupon he remained away from his home and plaintiff for a period of at least a week—during which time plaintiff, who was a woman of upwards of seventy-one years of age and in ill health, had to eat only that which was supplied by her son; that the home of the parties was on a chicken ranch, and plaintiff was unable to care either for herself, her home, or the chickens; that in such circumstances she sold the chickens and went to live with her daughter, with whom she resided continuously for more than one year next ensuing and thereafter and until the date of the trial, without in the meantime ever having heard from defendant; that from the time plaintiff left the home theretofore occupied by herself and defendant until the date of the trial no offer in good faith on the part of defendant was ever made by him, or by anyone in his behalf, to provide for plaintiff a home of any kind or description. If, as must be assumed from the judgment rendered in the maintenance action, the desertion of plaintiff by defendant was established as of a certain date, the additional facts heretofore stated, taken in connection with the original desertion, would, we think, constitute sufficient grounds for the conclusion of law that the desertion of plaintiff by defendant was complete within the terms of the statute and warranted the judgment by the trial court from which the appeal is taken.

Prejudicial error is also specified by appellant in that he contends that the evidence was insufficient to sustain the finding by the trial court that defendant had wilfully neglected to provide for plaintiff the common necessities of life for one year prior to the filing of her action. But in view

of the conclusion by this court that the judgment should be affirmed on the ground of the wilful desertion of plaintiff by defendant, it becomes unnecessary to devote attention to the count on wilful neglect.

[4] Appellant presents the further points that defendant should have been granted a decree of divorce on his cross-complaint, or at any rate that the evidence "shows recrimination in bar of plaintiff's cause." With reference to such matters, it need only be said that the entire evidence in this action was before the judge of the trial court and that it was his exclusive province to determine where lay the truth. His findings of fact on the evidence were entirely against the contention of defendant. They are conclusive on this court.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.