[Civ. No. 7524.   Second Appellate District, Division Two.—March 8, 1933.]

VALBORG M. NELSON, Respondent, v. M. H. SCHUMACHER, Appellant.

Davis & Thorne for Appellant.

Edw. F. Wehrle and Edward K. Sheahan for Respondent.

ARCHBALD, J., *pro tem.*—Plaintiff, as assignee of her husband, F. O. Nelson, sued defendant on a promissory note executed by him. From a judgment in favor of plaintiff, defendant has appealed.

Appellant urges: (1) that there was no delivery of the note; (2) that no definite finding was made by the trial court on appellant's affirmative defense; and (3) that the findings are not supported by the evidence.

The note was dated February 9, 1924, and was payable thirty days after date. Plaintiff testified that her husband assigned the instrument to her on March 9, 1924, and that the principal was her money, invested for her by her husband. F. O. Nelson testified that he placed some securities belonging to his wife in an unlocked tin box belonging to himself, which he kept in the vault of a bank of which defendant was president; that while he, Nelson, was on a trip to Montana the bank collected the sum of approximately $1,000 on one of the securities, and that defendant told him later that he, defendant, "had used the money that came into the bank on a collection and had placed the note in my cash box in lieu of it". The evidence of the defense is the same as that of plaintiff, so far as the collection, use of the money and the execution of the note are concerned, and is also to the effect that Nelson handed defendant the securities and told him to hold them as security for signing a bond for

the release of plaintiff, and that Nelson told Schumacher to "go ahead and use whatever money comes in on collections for yourself or for any other obligation in order to protect the bank". Nelson testified that defendant took the money without his knowledge. Defendant's evidence is also to the effect that the securities were placed by him in a safety deposit box in defendant's name, and not in Nelson's box, and that the tin box belonging to Nelson was always kept locked.

It will be seen at once that there is a sharp conflict in the evidence as to delivery. The court accepted as a fact the story told by plaintiff's assignor, and in view of the conflict we are bound by the decision. By placing the note in the tin box belonging to Nelson and telling the latter of what he had done, defendant showed a clear intention to deliver the note to him in lieu of the money taken; and when Nelson later took the box out of the bank, with the note and securities in it, he accepted defendant's delivery and perfected it, as he had a right to do under the state of facts shown by plaintiff's evidence.

The answer set up three defenses. The first is a denial of all the allegations of the complaint except the execution of the note, which is admitted. The next two are affirmative defenses, the first being that there was no consideration for the execution of the note and the second, in substance, that prior to the execution of the note F. O. Nelson deposited certain bonds and securities with defendant to secure the latter for signing and executing a bond for the benefit of Nelson, who told defendant to use any collections thereon for his, defendant's, benefit; that the latter collected and used the sum of $1,009, and as a memorandum of indebtedness executed his note in said sum and placed the same with such securities; that defendant did not notify Nelson thereof nor deliver the note to him; that thereafter Nelson became obligated to the bank of which defendant was president in the sum of $1,000, and that defendant used the money so borrowed by him to pay such obligation for the benefit of Nelson; that thereafter, and without the knowledge of defendant, Nelson entered defendant's box and withdrew his securities and such note from the bank; that there was no consideration for the note and no delivery, and that by reason of the facts so affirmatively alleged "this

defendant is not now obligated'' on the same. The court found ''that none of the affirmative allegations of the answer of the defendant M. H. Schumacher is true''. It is urged that such is an insufficient finding on material issues. The cases cited do not support this contention. In all of them blanket findings were made, but they were substantially to the effect ''that all *material* allegations'' of the complaint or answer were true or untrue. The authorities hold that the use of the word ''material'' is the vice of a blanket finding, as it makes it uncertain and impossible to determine which of numerous allegations are material. (*Turner* v. *Turner,* 187 Cal. 632, 635 [203 Pac. 109].) No such uncertainty exists in a finding like the one criticised here. Its meaning is clear and it is equivalent to a determination that each allegation of the affirmative defenses is not true—''a form of finding which has always been held sufficient'' (*Fritz* v. *Mills,* 170 Cal. 449, 459 [150 Pac. 375, 379]).

We see no merit in the last contention urged by appellant, that the evidence fails to sustain the findings and judgment. The production of the note by plaintiff is *prima facie* evidence, not only of delivery and nonpayment but of consideration as well, and would have made a conflict in the absence of other evidence by plaintiff's witnesses.

The finding ''that it is not true that there was no consideration given the defendant for the execution and delivery of said note'', while somewhat awkward in its phraseology, is the equivalent of an affirmative finding of consideration.

Judgment affirmed.

Works, P. J., and Stephens, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 6, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1933.