[Civ. No. 3548.   Fourth Dist.   May 7, 1947.]

VANCE FARMER, Respondent, v. GRACE FARMER, Appellant.

Jamison & Jamison for Appellant.

Waldo E. Burford for Respondent.

MARKS, J.—This is an appeal from an interlocutory degree entitling plaintiff to a divorce from defendant after the lapse of the proper period of time.

Plaintiff filed his complaint seeking a divorce on the ground of extreme cruelty.  Defendant answered denying the cruelty and filed a cross-complaint seeking separate maintenance on the ground of plaintiff's cruel treatment of her, but not for a divorce.

The evidence introduced by the respective parties is conflicting and irreconcilable.

The parties were married in 1921 and finally separated in 1945.  Their married life, especially the last years of it, was a stormy one.  The evidence produced by plaintiff shows that defendant had a quick and ungoverned temper; that she continually nagged him and frequently quarreled with him calling him vile names; that she threatened to ruin him financially, to ''bury him'' and to kill him and members of his family.  It is also shown that defendant often drank whiskey, wine and beer to excess and became intoxicated; that during such periods of intoxication she was very abusive of plaintiff and her actions were so immodest as to cause plaintiff great humiliation; that her treatment of him caused him mental anguish and suffering.

Defendant's evidence indicates that she did drink, very occasionally to excess, but that the liquor was furnished to her

by plaintiff; that plaintiff himself drank to excess and on occasions became very drunk; that plaintiff struck her with his fist and slapped her with his open hand and otherwise was cruel to her so that her life with him, at least during the five years preceding their last separation, was unendurable.

It is obvious that the evidence would have supported a judgment in favor of plaintiff on his complaint, or of defendant on her cross-complaint, whichever evidence the trial court accepted as true. The trial judge found in favor of plaintiff and against defendant and entered judgment accordingly. Thus we have here the familiar situation of sharply conflicting evidence, which conflicts the trial judge has resolved in favor of plaintiff and against defendant. This is a duty imposed upon a trial judge, and not upon an appellate court. (*Keener* v. *Keener*, 18 Cal.2d 445 [116 P.2d 1]; *Tomaier* v. *Tomaier*, 50 Cal.App.2d 516 [123 P.2d 548]; *McFall* v. *McFall*, 58 Cal.App.2d 208 [136 P.2d 580].)

In the face of this firmly established rule that conflicts in the evidence are finally settled in the trial court, counsel for defendant advance the argument that it is not controlling here. They state that defendant did not use intoxicating liquor before her marriage, but that plaintiff did and continued to use during their entire married life; that he kept liquor on hand, gave it to defendant and offered no objection to her drinking; that plaintiff knew defendant became irritable and cross when drinking and that he did not object to her consuming intoxicants; that all the difficulties between them arose when they were drinking together and that his drinking with her and furnishing her liquor was the cause of their difficulties; that this amounted to the defense of recrimination which should have defeated plaintiff's action for divorce.

In support of this argument they cite such cases as *Popescu* v. *Popescu*, 46 Cal.App.2d 44 [115 P.2d 208], where it is said:

"The law is clear that acts which might otherwise constitute grounds for divorce may be non-actionable where provoked by the party seeking the divorce. (*Harp* v. *Harp*, 204 Cal. 193 [267 P. 101]; *Jones* v. *Jones*, 48 Cal.App. 771 [192 P. 463]; *Johnson* v. *Johnson*, 14 Cal. 459.) 'Cruelty, as a foundation for divorce, must be unmerited and unprovoked.' (Madden on Domestic Relations, p. 274; see, also, 17 Am.Jur. 192; 19 C.J. 77-79; note, Ann.Cas. 1918B, 496.) Since the defense of recrimination consists of establishing cause for divorce in favor of the defendant (sec. 123, Civil Code), it

follows, of course, that if the cause relied on by the defendant was provoked by him, it is unavailable by way of defense in the same manner as it would be as where it is made the basis of a prayer for divorce.''

The main defect in this argument of defendant is that it is based on that portion of conflicting evidence which evidently was rejected by the trial court as untrue and is contradicted by other evidence which evidently was accepted as true.

Plaintiff admitted drinking in moderation and of having furnished liquor to defendant but testified that he repeatedly objected to her drinking to excess and repeatedly reasoned with her to get her to abandon that habit. He denied drinking to excess himself but admitted that he ''passed out'' after taking one drink of liquor which defendant gave him. According to his version this occurred at the end of a temporary separation and when defendant was attempting to get him to return to her. He testified that she gave him a ''Mickey Finn'' and he became unconscious; that when he regained consciousness next morning he was in the bed of defendant. According to plaintiff many of the acts of cruelty complained of by him were not committed when defendant was intoxicated. There is no evidence she was under the influence of liquor when some of the incidents happened. This merely illustrates the conflicts in the evidence on which defendant bases her argument. There are many others which we need not particularize.

As was said in *Sherman* v. *Sherman,* 81 Cal.App. 406 [253 P. 945]:

''Appellant presents the further points that defendant should have been granted a decree of divorce on his cross-complaint, or at any rate that the evidence 'shows recrimination in bar of plaintiff's cause.' With reference to such matters, it need only be said that the entire evidence in this action was before the judge of the trial court and that it was his exclusive province to determine where lay the truth. His findings of fact on the evidence were entirely against the contention of defendant. They are conclusive in this court.''

In the final analysis this case resolves itself into one where there are conflicts in the evidence which were resolved in favor of plaintiff by the trial judge. This is final here. As there is substantial evidence supporting the judgment we cannot reverse it.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.