[Civ. No. 18620.   Second Dist., Div. Three.   Jan. 9, 1952.]

LEONA B. WALKER, Respondent, v. HARRY H. WALKER, Appellant.

Ernest P. Morgan for Appellant.

Catlin & Catlin, Henry W. Catlin and Frank D. Catlin for Respondent.

VALLÉE, J.—Appeal by defendant from an interlocutory judgment of divorce.

The divorce was awarded to plaintiff on the ground of extreme cruelty. A postal savings account and a diamond ring were found and adjudged to be the separate property of plaintiff. A parcel of realty, described as Lot 4 in Block 5 of the Williamson Tract, was found to be community property.

The court decreed that all community property be sold and that after the payment of $1,500 to plaintiff, the proceeds be divided equally between plaintiff and defendant.

Defendant's assignments of error are that the evidence does not (1) establish extreme cruelty, (2) support the findings that the postal savings account and the diamond ring are the separate property of plaintiff, (3) support the finding that the parcel of realty is community property.

No purpose would be served in reciting the evidence of cruelty, much of which is offensive and revolting. Suffice it to say that the findings of the ultimate facts, from which the court concluded that defendant had been guilty of extreme cruelty, are amply supported by the evidence. The question before the trial court was simply which witnesses were to be believed, and to evaluate the evidence. As Mr. Justice McComb stated in *Marson* v. *Rand,* 107 Cal.App.2d 466, 468 [237 P.2d 18]: " 'It is not the province of a reviewing court to present, by way of opinion, a detailed argument on the sufficiency of the evidence to support the judgment where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled.' " ▮ Whether in any given case there has been the wrongful infliction of grievous mental suffering is a question of fact to be deduced from all the circumstances in the particular case, keeping always in mind the intelligence, refinement, and delicacy of sentiment of the complaining party; and the finding of the trial court, based on any reasonable analysis of the facts and circumstances as shown by the evidence, will not be disturbed on appeal. (*McFall* v. *McFall,* 58 Cal.App.2d 208, 211 [136 P.2d 580] ; *Tompkins* v. *Tompkins,* 83 Cal.App.2d 71, 74-5 [187 P.2d 840].)

The parties stipulated "there is $725 in the Postal Savings account." They did not agree that it was in the name of plaintiff nor did they agree it was either community or separate property. The court stated at the opening of the trial that it "is an open question as to whether it is community property or separate property." ▮ There was no evidence bearing directly on the question. The only evidence from which an inference could be drawn was that the parties had no assets when they married and that all property they possessed was acquired during marriage. There was no evidence that the account was the separate property of plaintiff, and the finding that it was is unsupported.

Plaintiff testified that defendant gave her the diamond ring. This is sufficient to support the finding that the ring is the separate property of plaintiff.

The record title to the parcel of realty is in joint tenancy. The complaint alleged it is community property. The answer denied it is community property and alleged it is the separate property of defendant, "although title thereto, as a matter of convenience only, has been and is vested in said parties as joint tenants." The only evidence on the subject was the testimony of plaintiff as follows: "Q. Mr. Walker did place just about all his property in your joint names, did he not? A. All that was acquired after our marriage. Q. When you married him, neither one of you had any assets; is that right? A. Yes. Q. The property he acquired afterwards he put it jointly with you? A. Yes, so far as I know." Defendant contends this evidence is insufficient to support the finding that the parcel of realty is community property. We agree.

The burden of proving that the parcel was community property was on plaintiff. Civil Code, section 164, which creates a presumption that property acquired by husband and wife is community property, has no application to a case where a different intention is expressed in the instrument; and an instrument by which husband and wife acquire title to real property in joint tenancy is, of necessity, an expression of an intention to hold the property otherwise than as community property. (*Siberell* v. *Siberell*, 214 Cal. 767, 773 [7 P.2d 1003].) Unless there is evidence to support a conclusion that real property held in joint tenancy is in fact community property, the court in an action for divorce is without power to make disposition of such property. (*Turknette* v. *Turknette*, 100 Cal.App.2d 271, 278 [223 P.2d 495].)

Evidence is admissible to establish that a husband and wife who took real property as joint tenants actually intended it to be community property. (*LaMar* v. *LaMar*, 30 Cal.2d 898, 903 [186 P.2d 678].) Real property may be converted into community property at any time by oral agreement of the spouses, and an agreement at the time the property is acquired has the same effect. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 757-8 [146 P.2d 905].) The purchase of the property with community funds and the taking of title thereto in the names of the spouses as joint tenants is insufficient to establish that the property is community property in the absence of any evidence of an intent to the contrary. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 758-9 [146 P.2d 905];

*Siberell* v. *Siberell*, 214 Cal. 767, 773 [7 P.2d 1003]; *Lazzarevich* v. *Lazzarevich*, 88 Cal.App.2d 708, 717 [200 P.2d 49]; *In re Rauer's Collection Co.*, 87 Cal.App.2d 248, 257 [196 P.2d 803].) In the present case there was no evidence of an agreement and no evidence from which it can be inferred that the parties intended the parcel of realty should be community property.

The judgment, insofar as it decrees that the postal savings account is the separate property of plaintiff and insofar as it decrees that Lot 4 in Block 5 of the Williamson Tract is community property, is reversed and the cause remanded for a trial of those issues only; in all other respects it is affirmed. Defendant shall bear plaintiff's costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.