[Civ. No. 8630. Third Dist. Apr. 16, 1956.]

JOHN F. DUNASKY, Respondent, v. LILLIAN H. DUNASKY, Appellant.

James W. Halley for Appellant.

Francis H. Frisch for Respondent.

McMURRAY, J. pro tem.*—On November 5, 1951, plaintiff sued defendant for divorce, on the ground of extreme cruelty.

*Assigned by Chairman of Judicial Council.

On October 9, 1953, a judgment awarding him the divorce was filed. Between these dates, the court held numerous hearings and a referee's hearing was conducted relative to the character of certain property.

The parties hereto had been married for a little less than 10 months when the action was filed. By prenuptial agreement, appellant's earnings were to be her separate property, and throughout the somewhat short matrimonial adventure, the record shows that there was a complete segregation of the parties' property. Certain differences arose and there is ample testimony which would support the granting of a divorce on the ground of extreme cruelty to either party.

On this appeal appellant urges: First, that the trial court committed prejudicial error in ordering the sale of the separate property of the appellant over her objections; second, that the court committed prejudicial error in failing to make an express finding of fact on the isue of extreme cruelty; third, that it was prejudicial error to fail to make a finding of fact on the issue, reserved by the referee to the court, as to whether or not respondent should reimburse appellant for expenditures from her separate property which appellant claims were made; fourth, that the findings made by the referee went beyond the scope of the order of reference and were therefore void, and that the trial court committed prejudicial error in adopting these findings as its own, there being no evidence in the record before the trial court on these issues; and, fifth, that, when findings of fact are inconsistent and contradictory, the judgment rendered must be set aside, must be reversed upon the appeal, and a new trial must be granted.

The trial court found certain real property which was being purchased by the parties by having made a down payment comprised of equal amounts of money from each of the parties' separate funds and other payments out of community property was not community property, but was purchased with separate funds of the plaintiff and defendant, each contributing one-half of the down payment, and that other contributions thereto were made from community property and ordered that this real property, the family residence, should be sold and the proceeds be equally divided between the parties. This, the court had no power to do. ▆ From the record before us, it appears that this was in fact joint tenancy property, and it is established that in a divorce proceeding the court is without power to grant one spouse separate property of another; and unless it is found by competent

evidence that real property held under a joint tenancy deed is community property, the court in a divorce action is without power to dispose of such property. (*Walker* v. *Walker*, 108 Cal.App.2d 605 [239 P.2d 106].) The court exceeded its power in ordering the sale of the property but did have power to declare that it was not community property but was the separate property of each of the parties.

■ The appellant's next contention is that the court failed completely to find upon the issue of extreme cruelty by either party against the other. In its findings, the court indisputably found that the allegations as to extreme cruelty which were in general terms, in the defendant's cross-complaint, were untrue. The court made no express finding of fact that defendant had been guilty of extreme cruelty so as to cause grievous mental or bodily injury to the plaintiff. However, in the findings of fact, the court does refer to the plaintiff as the "prevailing party." Inasmuch as the only relief sought in the complaint was for a divorce, it is difficult to see how this finding can fail to refer to the complaint which alleged cruelty in general terms. No demurrer was filed in this action, and, under the provisions of section 426b of the Code of Civil Procedure, there is a sufficient allegation of cruelty. In its findings of fact and conclusions of law, the court does find as a conclusion of law that the defendant has been guilty of "extreme cruelty and that plaintiff, . . ., is entitled to a divorce upon the grounds of defendant's said extreme cruelty." The case of *LaMar* v. *LaMar*, 30 Cal.2d 898, 902-903 [186 P.2d 678], holds that since cruelty may be pleaded in general terms in the absence of a request for specific findings, a finding of extreme cruelty is a sufficient finding of an ultimate fact to support the trial court's determination. ■ That the finding of fact is erroneously designated as a conclusion of law does not deter this court from treating it as a finding of ultimate fact. (*Bechtold* v. *Bishop & Co., Inc.*, 16 Cal.2d 285, 293 [105 P.2d 984].) This is not to say that the findings before us are to be taken as models for future findings in such matters.

The third point urged by appellant is without merit; the record shows substantial evidence that the referee was acting within his power under the terms of the reference. Appellant's fourth contention finds no support in the record. The fifth contention of appellant that the findings of fact are inconsistent and contradictory is not well taken.

Respondent has requested that this court make further

findings in aid of supporting the judgment under established principles of appellate procedure. In view of our interpretation of the findings of fact, such further findings would appear to be unnecessary. However, since the court exceeded its jurisdiction in attempting to dispose of or cause the disposition of the joint tenancy property which was in part separate property of the parties hereto and in part community property, this court will at this time modify the findings of fact heretofore entered by the trial court and the judgment made in accordance therewith in the following particulars:

That portion of Finding 6, lines 6-8, reading, "and as to said real property the same should be sold and the net proceeds equally divided between the plaintiff and the defendant" shall be stricken therefrom; that portion of the Conclusions of Law numbered 3, which reads, "That the family residence located at 1415 Maxwell Avenue, in the City of Napa, County of Napa, State of California, shall be sold and the proceeds equally divided between the parties," shall be stricken therefrom; and in the Judgment that portion of the Judgment which reads, "4. That the real property belonging to the parties hereto situated at 1415 Maxwell Avenue in the City of Napa, County of Napa, State of California, shall be sold and the net proceeds divided equally between the parties hereto," shall be stricken therefrom. In lieu of the Conclusion of Law numbered 3, heretofore mentioned, there shall be inserted the following: "That the family residence located at 1415 Maxwell Avenue, in the City of Napa, County of Napa, State of California, is joint tenancy property of the parties hereto"; and that in lieu of the matter stricken from the Judgment shall be inserted the following: "That the real property situated at 1415 Maxwell Avenue, in the City of Napa, County of Napa, State of California, is joint tenancy property of the parties hereto."

As so modified, the judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied May 16, 1956.